39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy Jess GUEST, Defendant-Appellant.
 No. 94-6091.
 United States Court of Appeals, Tenth Circuit.
 Nov. 4, 1994.
 
 Before SETH, BARRETT, and LOGAN, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Jimmy Jess Guest appeals pro se the district court's order denying his motion to vacate or set aside his sentence pursuant to 28 U.S.C. 2255.
 
 
 4
 On May 15, 1991 Appellant pled guilty to conspiring to distribute marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. 841(a)(1). After examining the Presentence Report and conducting hearings regarding Mr. Guest's objections to that report, the district court determined that Appellant's total offense level was 32 with a criminal history category of I. The district court then imposed the maximum term of 151 months permitted by the Sentencing Guidelines. Mr. Guest appealed, claiming that the amount of drugs considered by the district court when it determined his base offense level was excessive in that it included cocaine found at Appellant's residence which was initially charged but dismissed pursuant to the plea agreement. United States v. Guest, 978 F.2d 577 (10th Cir.). This court affirmed the district court's offense level calculation, and concluded that "[t]his was a drug operation of considerable proportions," and that Mr. Guest "was deeply involved in the criminal activity." Guest, 978 F.2d at 579. Appellant then sought relief under 28 U.S.C. 2255, the denial of which he now appeals.
 
 
 5
 Appellant requests relief on three grounds: (1) that Appellant's plea agreement was breached by the government which led the district court to err in its determination of relevant conduct with regard to the base offense level; (2) that the sentencing court improperly assessed a two-point enhancement based upon nine firearms present at Appellant's residence; and (3) that Appellant did not receive effective assistance of counsel at all stages of the proceedings.
 
 
 6
 From the outset, we must consider whether we may collaterally review this claim. A section 2255 proceeding may not be used to challenge the legality of matters which should have been raised on direct criminal appeal. United States v. Frady, 456 U.S. 152, 165; United States v. Allen, 16 F.3d 377, 378 (10th Cir.). To overcome this procedural bar, Appellant must show cause for his failure to present the claim on direct appeal and prejudice resulting therefrom, or that a fundamental defect occurred which inherently resulted in a complete miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750; United States v. Cook, 997 F.2d 1312, 1320 (10th Cir.).
 
 
 7
 Appellant's initial assertion is that the government violated the plea agreement, and that this violation led to an incorrect offense level calculation by the district court. Appellant presents no cause for his failure to assert this claim on direct appeal. Rather, he asserts his argument that the plea agreement was breached, contending that the government inappropriately notified the court of additional narcotics found at his residence which were not included in the charges to which he pled guilty. This argument does not meet the aforementioned procedural requirements necessary for collateral review of this issue. See United States v. Khan, 835 F.2d 749 (10th Cir.) (defendant must show cause for failure to raise plea agreement breach on appeal).
 
 
 8
 Although we hold that the procedural bar is applicable to this issue, the government contends that this issue is for all intents and purposes that which was raised on direct appeal to this court; namely, that the district court erred when it considered the additional evidence of narcotics in its offense level determination. Even if we were to construe Appellant's complaint in this manner, the issue still would not be properly before this court because it was previously decided by this court on the merits. See Guest, 978 F.2d at 579. "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to 2255." United States v. Prichard, 875 F.2d 789, 791 (10th Cir.); United States v. Gordon, 4 F.3d 1567, 1570 n. 2 (10th Cir.). Appellant's claim with regard to this issue must therefore fail even under this approach.
 
 
 9
 Mr. Guest next asserts that the district court erred in its upward departure pursuant to the discovery of firearms at his residence. We again find that Appellant has failed to assert cause for his failure to object to the two-point enhancement, or his failure to raise the issue on direct appeal. Rather, he relies on the Second Amendment's guarantee that the right of the people to keep and bear arms will not be infringed. This does not meet the exacting standard needed to present an issue pursuant to 2255 that could have been raised on direct appeal. Consequently, Appellant is barred from collaterally attacking this issue.
 
 
 10
 Appellant lastly asserts that his counsel was ineffective and that he would not otherwise have entered a plea of guilty. This claim was also not raised on direct appeal and requires a showing of cause and resulting prejudice. We have held that actual ineffectiveness of counsel can constitute cause sufficient to overcome a procedural bar. United States v. Walling, 982 F.2d 447, 449 (10th Cir.). In order to satisfy the cause and prejudice standard, Appellant must show that his counsel's representation fell below an objective standard of reasonableness and that but for the error there is a reasonable probability that he would have prevailed. Id.
 
 
 11
 Mr. Guest contends that his trial counsel was deficient with regard to his (1) failure to inform Appellant that relevant conduct would be considered in his sentencing; (2) utilization of Appellant's testimony at the sentencing hearing; and (3) failure to object to the Presentence Report's recommendation regarding relevant conduct and the court's sentence imposition based partially upon that relevant conduct. He claims that these deficiencies led him to enter a plea of guilty that he would not have otherwise entered.
 
 
 12
 To show prejudice with regard to a plea of guilty, Appellant must establish that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Gordon, 4 F.3d at 1570. With regard to Appellant's claim that his counsel failed to predict the inclusion of relevant conduct in his offense level, even if we assume that this is true we have held that a miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance. See United States v. Estrada, 849 F.2d 1304, 1307 (10th Cir.). Further, Appellant fails to adequately demonstrate that his counsel's performance was deficient with regard to Appellant's testimony at his sentencing. To the contrary, our review of the proceedings demonstrates that besides vigorously cross-examining the government's witnesses, trial counsel effectively utilized testimony of Appellant to rebut testimony by the government's witnesses. Finally, the record indicates that trial counsel not only filed written objections to the inclusion of additional narcotics with regard to sentencing, but also argued against those amounts at the sentencing hearing. In sum, we agree with the district court's conclusion that review of this matter demonstrates that effective assistance was given to Appellant by counsel.
 
 
 13
 For these reasons, the ruling of the district court denying Appellant's claims under 28 U.S.C. 2255 is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470