UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 9/24/96**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JIMMY JESS GUEST,

Defendant-Appellant.

No. 95-6428
(W. Dist. of Oklahoma)
(D.C. No. CIV-95-1550-C)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

*Pro se* petitioner Jimmy Jess Guest appeals the district court's denial of his

second habeas corpus petition filed pursuant to 28 U.S.C. § 2255.  Guest asserted

the following two claims in his current petition: (1) his guilty plea which

incorporated and ratified a prior administrative forfeiture of his property violated

the Double Jeopardy Clause; and (2) the government breached its plea agreement

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

with Guest by failing to return certain property to him. The district court summarily denied this petition, finding Guest's double jeopardy claim without merit and his plea agreement claim an abuse of the writ. We affirm.

On January 18, 1991, Drug Enforcement Administration ("DEA") agents executed a search warrant at Guest's residence. During the search, the agents found and seized a large quantity of narcotics and nine firearms. Additionally, the agents seized additional items of property under the provisions of 21 U.S.C. § 881 because those items were used or acquired as a result of a drug-related offense. After complying with the provisions on administrative forfeiture, the DEA eventually issued declarations of forfeiture for the bulk of this property.

On February 20, 1991, the federal grand jury returned a sixteen-count indictment, charging Guest with various drug and weapon related charges. On May 15, 1991, Guest pleaded guilty to conspiracy to distribute marijuana and the government dismissed the remaining counts of the indictment. The plea agreement incorporated and ratified the disposition of the assets that had previously been administratively forfeited. Specifically, the government agreed to return jewelry that had been seized from Guest's residence and Guest agreed to the forfeiture of all other seized assets.

After Guest brought an appeal challenging the district court's application of the sentencing guidelines, this court affirmed his sentence on direct appeal.

*United States v. Guest*, 978 F.2d 577, 578-79 (10th Cir. 1992). Shortly thereafter, Guest brought his first section 2255 motion. The district court denied that motion on February 24, 1994, and this court affirmed by unpublished order and judgement. *United States v. Guest*, 39 F.3d 1193 (10th Cir.), *cert. denied*, 115 S. Ct. 1415 (1995).

Guest brought the current section 2255 motion on September 26, 1995. Although the sole basis for Guest's section 2255 motion was a double jeopardy claim, Guest also raised a breach-of-the-plea-agreement argument in his Memorandum of Authorities. The district court denied the double jeopardy claim on the merits and refused to reach the plea agreement argument because the claim was both successive and/or an abuse of the writ. Guest appeals.

On appeal, Guest contends that by incorporating and ratifying the administrative forfeiture of this property, the plea agreement violated his constitutional right "to not be twice put in jeopardy for the same offense." In support of his argument, Guest relies on the recent Supreme Court decisions in *United States v. Halper*, 490 U.S. 435 (1989), *Austin v. United States*, 509 U.S. 602 (1993), and *Montana Department of Revenue v. Kurth Ranch*, 114 S. Ct. 1937 (1994). This claim is clearly foreclosed by the recent Supreme Court decision in *United States v. Ursery*, 116 S. Ct. 2135 (1996). In *Ursery*, the Supreme Court held that "nothing in *Halper*, *Kurth Ranch*, or *Austin*, purported to replace our

traditional understanding that civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause." *Id.* at 2147. More specifically, the Court held that *in rem* civil forfeiture pursuant to 21 U.S.C. § 881, the statute under which Guest's property was forfeited, is not punishment for double jeopardy purposes. *Id.* at 2147-48. In light of *Ursery*, Guest's double jeopardy claim necessarily fails.

As to Guest's claim that he is entitled to habeas relief because the government has not returned the property that it was obligated to return under the plea agreement, we affirm for substantially the reasons stated in the district court's Order dated October 20, 1995.[1]

The judgment of the United States District Court for the Western District of Oklahoma is hereby **AFFIRMED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[1]We note that Guest filed a Motion for the Return of Property pursuant to Fed. R. Crim. P. 41(e) on May 31, 1995. Noting that the plea agreement provided the government was to return jewelry to Guest and that the government had sold the jewelry, the district court ruled that Guest was entitled to equitable relief. Although the government has apparently provided the district court with an accounting of the sale of the jewelry, the district court has not yet determined the amount of equitable relief to be provided Guest.