**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James E. WALLING, Defendant–
Appellant.**

**No. 92–1054.**

United States Court of Appeals,
Tenth Circuit.

Dec. 30, 1992.

Michael J. Norton, U.S. Atty. and Stephen C. Peters, Asst. U.S. Atty., Denver, Colo., for plaintiff-appellee.

James E. Walling, pro se.

Before McKAY, Chief Judge, SEYMOUR, and KELLY, Circuit Judges.

McKAY, Chief Judge.

In April, 1990, Defendant James E. Walling pleaded guilty to two counts of counterfeiting and one count of criminal contempt. He was sentenced under the federal sentencing guidelines to forty-one months imprisonment, to be followed by three years supervised release. In December, 1991, he filed this motion under 28 U.S.C. § 2255 challenging the validity of his plea agreement and resulting sentence. The district court dismissed the motion, and we affirm.[1]

Defendant entered into a plea agreement after lengthy negotiations. In its final form, it contained the following language:

> The sentencing guidelines apply in these consolidated cases.... [T]he parties agree that Counts I and II of the Indictment in Criminal Case No. 88–CR–258 should be grouped together as closely related charges for purposes of sentencing computations and that, under sentencing guideline § 2B5.1(b)(2), the applicable base offense level is fifteen. It is also agreed that the defendant should receive an upward adjustment of two points for his role in these offenses pursuant to § 3B1.1(c).
>
> . . . .
>
> Both parties reserve the right to litigate the applicable criminal history cate-

gory in this case. However, neither party reserves the right to move for upward or downward departure based from the applicable guideline range. WALLING understands that none of these calculations or agreements are binding on the Court.

Record, Vol. I, Doc. 1 (attachment at 3). Defendant contends the government breached this agreement when, at the sentencing hearing, it presented evidence in support of the probation department's recommended upward adjustment for obstruction of justice. *See* U.S.S.G. § 3C1.1. The adjustment, which the court ultimately imposed, brought the total offense level to nineteen. Defendant argues that the plea agreement stipulated a total offense level of seventeen.

At the outset, we must determine whether this claim is properly before us. In the district court, the government argued that defendant's challenge was improper because he did not raise this issue on direct appeal. Defendant responded that it was listed as an issue in the docketing statement, but was not briefed. He maintained that he did not know his counsel had abandoned the argument until he received a copy of this court's opinion. He stated he had no control over his counsel's failure to address the issue, and, therefore, he could not be held accountable for any waiver. The district court did not address these arguments in its dismissal order.

"[Section] 2255 is not available to test the legality of matters which should have been raised on appeal." *United States v. Khan*, 835 F.2d 749, 753 (10th Cir.1987), *cert. denied*, 487 U.S. 1222, 108 S.Ct. 2881, 101 L.Ed.2d 915 (1988); *see also Suggs v. State Farm Fire & Casualty Co.*, 833 F.2d 883, 886 n. 4 (10th Cir.1987) (issues raised in docketing statement but not briefed are deemed waived), *cert. denied*, 486 U.S. 1007, 108 S.Ct. 1732, 100 L.Ed.2d 196 (1988). Defendant's failure to address this issue in his direct appeal bars review

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.

R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

unless he can show cause and resulting prejudice. *See Khan*, 835 F.2d at 753–54 (defendant must show cause for failure to raise issue of plea agreement breach on direct appeal); *see also United States v. Frady*, 456 U.S. 152, 167–69, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982) (defendant must show cause and prejudice to obtain collateral review where there was no objection at trial).

Defendant maintains that his attorney's error in failing to brief this issue in the direct appeal constitutes cause sufficient to render review here appropriate. This error must rise to the level of ineffective assistance of counsel, however, for defendant to overcome the failure to raise the claim. *Belford v. United States*, 975 F.2d 310, 314 (7th Cir.1992). Thus, in order to satisfy the cause and prejudice standard, defendant must show not only that his counsel's representation fell below an objective standard of reasonableness, but also that there is a reasonable probability that but for the error, he would have prevailed. *See Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

The *Strickland* ineffectiveness test dovetails naturally with the cause and prejudice standard. Under both analyses, defendant must show he would have prevailed in his argument that the government breached the plea agreement. *See Belford*, 975 F.2d at 314. Although it is still unsettled whether the prejudice showing is exactly the same under both tests, we need not decide that issue because we have determined that defendant cannot meet either one. *See Freeman v. Lane*, 962 F.2d 1252, 1258–59 & n. 5 (7th Cir.1992) (discussing distinction between procedural bar and ineffective assistance "prejudice" tests).

■ The language of the plea agreement prohibited the government from moving for an upward *departure* from the applicable guideline range. Record, Vol. I, Doc. 1 (attachment at 3). In contrast, the evidence presented at the sentencing hearing related to the probation department's efforts to obtain an upward *adjustment* in the total offense level. It is the distinction

in meaning between "departures" and "adjustments" which is critical to our analysis.

The guidelines differentiate between departures and adjustments. *See United States v. Joetzki*, 952 F.2d 1090, 1097 (9th Cir.1991). Adjustments are changes to the total offense level calculated under the guidelines, while a departure is a sentence imposed outside the designated guideline range. *Id.; see also United States v. Smith*, 930 F.2d 1450, 1452–53 (10th Cir.) (discussing significance of distinction between adjustments and departures), *cert. denied*, — U.S. —, 112 S.Ct. 225, 116 L.Ed.2d 182 (1991). The plea agreement only prohibited the government from requesting an upward departure.

Defendant maintains this distinction is merely an exercise in semantics, and that the government is playing games with the language of the plea agreement. We disagree. The introduction to the sentencing guidelines describes with some detail the nature of a departure and the circumstances under which one can be sought. U.S.S.G. Ch. 1, Pt. A4(b), intro. comment. The adjustment which the probation department sought, and which the government supported, did not fall within this description. *See* U.S.S.G. § 3C1.1 (describing upward adjustment for obstruction of justice). This is a distinction which must be maintained in applying the guidelines.

It is not unfair to bind defendant to the intended meaning of the guidelines. He acknowledges that the plea agreement in this case was reached after extensive negotiations, including discussions about the obstruction of justice issue. He was represented by counsel throughout that period. Moreover, in the factual section of the plea agreement, defendant stipulated to facts supporting an upward adjustment for obstruction of justice. There is nothing in the plea agreement to indicate that the government agreed not to present evidence regarding an upward adjustment based on those stipulated facts.

Because defendant cannot prevail on the merits, he cannot satisfy either the standard for showing ineffective assistance of counsel or the cause and prejudice stan-

dard. Consequently, the district court's dismissal was proper. Defendant's motion for a transcript copy is DENIED. The judgment of the United States District Court for the District of Colorado is AFFIRMED.