992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Cleven Glenn SPRATT, Defendant-Appellant.
 No. 92-6292.
 United States Court of Appeals, Tenth Circuit.
 May 12, 1993.
 
 Before MOORE and BRORBY, Circuit Judges, and VAN BEBBER,* District Judge.
 ORDER AND JUDGMENT**
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Following a guilty plea, defendant-appellant Cleven Glenn Spratt was convicted of one count of conspiracy to distribute heroin, in violation of 21 U.S.C. § 846. He filed a 28 U.S.C. § 2255 motion challenging his sentence on the grounds that 1) the sentencing court erred by not making findings before increasing the offense level based on defendant's possession of a weapon and being a leader in the conspiracy, and 2) trial counsel was ineffective for not requesting such findings. The district court denied the motion and defendant appeals. Plaintiff-appellee the United States contends this court lacks jurisdiction because of an untimely notice of appeal. We conclude we have jurisdiction, and we affirm.
 
 
 3
 Defendant was charged with having been involved in a heroin distribution network known as "The Kids." After his arrest, he agreed to cooperate with the government. He entered a guilty plea pursuant to a plea agreement. A presentence report was prepared. The report set the base offense level at twenty-eight pursuant to U.S.S.G. §§ 2D1.1(a)(3) and (c)(8), because the crime involved 500 grams of heroin. It recommended a two-level increase in the offense level pursuant to U.S.S.G. § 2D1.1(b)(1) because defendant had a loaded gun in his possession at the time of his arrest, and a four-level increase pursuant to U.S.S.G. § 3B1.1(a) because investigative reports stated that defendant was a leader in the conspiracy and the conspiracy involved more than five people. It further recommended a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, resulting in a total offense level of thirty-two. Based on defendant's criminal history category of II, the guideline imprisonment range was 135 to 168 months.
 
 
 4
 At the sentencing hearing, the court asked defense counsel whether he had any objections to the presentence report. Counsel responded that he did not. The court stated that it was prepared to adopt the presentence report findings with respect to the applicable guideline ranges. Defense counsel responded that he had no objection. The court then permitted defendant to personally address the court. Defendant stated that he felt he had cooperated and that he would cooperate further if there were a trial. The sentencing court adopted the presentence report's guideline range without making findings concerning defendant's possession of a weapon or leadership role. It sentenced defendant to 154 months of imprisonment to be followed by three years of supervised release.
 
 
 5
 The United States contends this court lacks jurisdiction of the appeal because defendant filed his notice of appeal more than ten days after entry of the order denying his motion, contrary to Fed.R.App.P. 4(b). Rule 4(b), which governs appeals in criminal cases, is inapplicable. Rather, the rules governing civil appeals apply to appeals from denials of § 2255 motions. Klink v. United States, 308 F.2d 775, 776 (10th Cir.1962). The appeal was filed twenty-one days after entry of the order denying the motion and thus was timely. See Fed.R.App.P. 4(a)(1) (time to appeal in civil case in which United States is a party is sixty days after entry of order).
 
 
 6
 Defendant argues that the sentencing court erred by failing to make a finding that he knowingly possessed a firearm, as required by United States v. Underwood, 938 F.2d 1086, 1090 (10th Cir.1991), or a finding that he was a leader in the conspiracy. However, defendant did not request findings pursuant to Fed.R.Crim.P. 32(c)(3)(D),[1] and expressly stated through counsel that he did not object to the presentence report. Failure to object before the district court to factual inaccuracies in the presentence report waives the objection on appeal. United States v. Kay, 961 F.2d 1505, 1507 (10th Cir.1992).
 
 
 7
 The United States, relying on United States v. Saucedo, 950 F.2d 1508 (10th Cir.1991), argues that because defendant failed to object to the presentence report, his claims can only be reviewed for plain error. Saucedo, however, was a direct appeal from a conviction. Id. at 1511. The "plain error" standard, applicable in a direct appeal, does not apply in a § 2255 proceeding where there has been no contemporaneous objection to the claimed error. United States v. Frady, 456 U.S. 152, 166 (1982). Rather, the defendant must show cause excusing his procedural default and prejudice resulting from the error of which he complains. Id. at 167.
 
 
 8
 Defendant contends as a separate claim that his trial counsel was ineffective for failing to object or request findings. Ineffective assistance of counsel may constitute cause for a procedural default. United States v. Walling, 982 F.2d 447, 449 (10th Cir.1992). To establish a claim of ineffective assistance, defendant must show that "counsel's representation fell below an objective standard of reasonableness, [and] there is a reasonable probability that but for the error, he would have prevailed." Id.
 
 
 9
 Trial counsel's affidavit provides in relevant part:
 
 
 10
 At the time of sentencing, I review [sic] the entire Pre-Sentence Report with Mr. Spratt and he read same in my presence. I advised Mr. Spratt at that time that if there were any factual inaccuracy [sic] or other items which he objected to or disagree [sic] with, he should relay those to me so that I could make the appropriate objections at the time of sentencing before the Court. Although Mr. Spratt was concerned that the sentence Guildlines [sic] range was so high, he related to me that there were no inaccuracy [sic] or factual mistakes contain [sic] in the Pre-Sentence Report. Therefore, I did no [sic] interpose any objections to the Pre-Sentence Report at the time of sentence.
 
 
 11
 R.Vol. I, doc. 22, attach. A. While defendant now claims he told counsel the weapon enhancement did not apply, in the district court defendant stated he told counsel he objected because there was no stipulation in the plea agreement for the two increases to the offense level, and the offense level with the two increases was higher than he had assumed he would receive. R.Vol. I, doc. 26 at 5.[2] He never asserted in the district court that he told counsel the facts supporting the increases were inaccurate. He therefore cannot raise this argument for the first time on appeal. Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989).
 
 
 12
 Defendant attempts to excuse his failure to bring errors to counsel's attention on the ground that he did not review the presentence report until the day of the sentencing hearing, which he claims violated 18 U.S.C. § 3552(d).[3] The presentence report was disclosed to defendant on July 3, 1989, fifty-nine days before the August 31, 1989, sentencing hearing and well within the time limit of § 3552(d). Defendant's failure to raise factual inaccuracies with counsel cannot be excused because defendant did not read the report until the date of sentencing.
 
 
 13
 It could be argued that even if defendant did not object to the factual accuracy of the statement that he possessed a weapon at the time of his arrest, counsel should have questioned him about his knowledge of the weapon. However, attorney performance is to be evaluated from counsel's perspective at the time of the challenged conduct, not in hindsight. Strickland v. Washington, 466 U.S. 668, 689 (1984). Underwood was filed almost two years after defendant was sentenced, and none of the three cases from other circuits on which it relied, 938 F.2d at 1089, had been filed before defendant's sentencing.[4] Given the state of the law as of the sentencing hearing, counsel did not act unreasonably by failing to question defendant about his knowledge of the weapon. We therefore reject defendant's ineffective assistance of counsel claim. Consequently, defendant did not have cause for failing to request findings, and he cannot challenge the sentencing court's failure to make findings in this proceeding.
 
 
 14
 Defendant argues he was entitled to an evidentiary hearing. A hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. We review the denial of an evidentiary hearing for abuse of discretion, United States v. Whalen, 976 F.2d 1346, 1348 (10th Cir.1992), and conclude no abuse of discretion occurred.
 
 
 15
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 Honorable G. Thomas Van Bebber, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 This section provides:
 [i]f the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report ... the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing....
 
 
 [2]
 Defendant does not argue on appeal that counsel should have objected to the presentence report on this basis
 
 
 [3]
 This section provides that "[t]he court shall assure that a [presentence] report ... is disclosed to the defendant ... at least ten days prior to the date set for sentencing...."
 
 
 [4]
 United States v. Fiala, 929 F.2d 285 (7th Cir.1991); United States v. Suarez, 911 F.2d 1016 (5th Cir.1990); United States v. Burke, 888 F.2d 862 (D.C.Cir.1989)