37 F.3d 1509
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles Robert KILLINGSWORTH, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 94-7038.
 United States Court of Appeals, Tenth Circuit.
 Oct. 12, 1994.
 
 1
 Before TACHA, BRORBY, Circuit Judges, and KANE,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant Charles Robert Killingsworth was convicted by a jury of three counts of using the Postal Service to send threatening letters, in violation of 18 U.S.C. 876. We affirmed his conviction on appeal. United States v. Killingsworth, No. 86-2093, slip op. (10th Cir. Apr. 22), cert. denied, 484 U.S. 844 (1987). Defendant then filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. 2255, which the district court denied. Representing himself, he appeals. We exercise jurisdiction under 28 U.S.C. 1291, and affirm.
 
 
 4
 Defendant raises six issues on appeal: (1) his Sixth Amendment right to confront witnesses was violated; (2) ineffective assistance of counsel at trial; (3) ineffective assistance of counsel on direct appeal; (4) the government obtained handwriting exemplars from him illegally; (5) he was convicted of one offense but sentenced for another; and (6) the district court erred in denying his 2255 motion before ruling on defendant's motion to compel discovery filed in that proceeding.
 
 
 5
 Defendant's second issue, ineffective assistance of counsel at trial, is properly raised in a 2255 motion. Beaulieu v. United States, 930 F.2d 805, 806 (10th Cir.1991). The district court concluded that defendant's ineffective assistance claim was legally insufficient. R. doc. 12, at 3. We review such a legal conclusion de novo. United States v. Clonts, 966 F.2d 1366, 1369 (10th Cir.1992). To prevail on an ineffective assistance claim, defendant must show "that his counsel's representation fell below an objective standard of reasonableness, ... [and] also that there is a reasonable probability that but for the error, he would have prevailed." United States v. Walling, 982 F.2d 447, 449 (10th Cir.1992)(citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). Based upon our review of defendant's brief, we agree with the district court that defendant's claim of ineffective assistance of counsel at trial is insufficient. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991)("conclusory allegations without supporting factual averments are insufficient to state a claim").
 
 
 6
 Defendant could have raised issues one, four, and five on direct appeal. Section 2255 is not available to test the legality of matters that should have been raised on appeal, United States v. Frady, 456 U.S. 152, 164-65 (1982); United States v. Cox, 567 F.2d 930, 932 (10th Cir.1977), cert. denied, 435 U.S. 927 (1978), unless defendant can show cause and prejudice for his failure to raise them, Brown v. United States, No. 94-7029, 1994 WL 484940, at * 1 (10th Cir. Sept. 8, 1994). A claim of ineffective assistance of counsel on direct appeal (defendant's third issue) may, if valid, be sufficient cause to excuse his failure to raise substantive arguments on direct appeal. Walling, 982 F.2d at 449. Defendant merely mentions this issue, however; his argument, under the heading "counsel for Mr. Killingsworth was ineffective during trial and appeal of criminal case," is directed solely at alleged trial error. Therefore, defendant's claim of ineffective assistance of counsel on direct appeal is insufficient cause to excuse his failure to raise his substantive arguments on direct appeal. As a result, we do not reach these other issues.
 
 
 7
 Defendant's sixth issue is likewise without merit. Defendant's outstanding motion to compel discovery was impliedly denied by the district court's denial of defendant's 2255 motion. Because we agree that defendant failed to allege sufficient facts to state a claim for relief, discovery was unnecessary.
 
 
 8
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470