70 F.3d 123
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Margaret Joan PATTERSON, Defendant-Appellant.
 No. 95-6237.
 United States Court of Appeals, Tenth Circuit.
 Nov. 17, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Margaret Joan Patterson (Patterson), appearing pro se, appeals the district court's Order of May 5, 1995, denying her motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. 2255.
 
 
 3
 On October 22, 1991, while Patterson was on supervised release from a prior conviction, a search warrant was executed on her apartment and 5.8 grams of cocaine base and three firearms with ammunition were found there. Patterson was arrested based on the supervised release violation.
 
 
 4
 On June 9, 1992, Patterson appeared and plead guilty to a one-count information charging possession of 5.8 grams of cocaine base, in violation of 21 U.S.C. 844. On October 8, 1993, Patterson appeared with counsel for sentencing. At sentencing, she objected to numerous provisions of the presentence report. The district court specifically addressed each of Patterson's objections and ultimately sentenced her to 110 months imprisonment followed by a term of three years supervised release for the possession of cocaine charge and eighteen months imprisonment followed by two years of supervised release for violation of the conditions of supervised release, the sentences to run concurrently.
 
 
 5
 On November 5, 1993, Patterson filed a direct appeal with this court alleging that the district court erred in (1) failing to hold a hearing to determine whether the government had promised to file a 5K1.1 motion for substantial assistance, and (2) imposing a term of supervised release upon revocation of a period of supervised release.
 
 
 6
 On March 18, 1994, this court affirmed Patterson's sentence on her conviction for possession of cocaine base and vacated her sentence for violation of the condition of her prior supervised release, remanding for resentencing. United States v. Patterson, No. 92-6388, slip op. (10th Cir. March 18, 1994). Patterson was resentenced to eighteen months imprisonment on June 7, 1994.
 
 
 7
 During the pendency of her direct appeal, Patterson filed a 2255 motion to vacate. On January 18, 1994, the district court dismissed the motion without prejudice to refiling on the grounds that this court had primary jurisdiction.
 
 
 8
 On March 15, 1995, Patterson filed this amended 2255 motion to vacate, set aside, or correct sentence, in which she alleged issues of: (1) relevant conduct, (2) simple possession, (3) quantity of cocaine base, (4) presentence investigation report errors, (5) firearms enhancement, and (6) ineffective assistance of counsel.
 
 
 9
 On May 5, 1995, the district court denied Patterson's motion. The district court found that Patterson procedurally defaulted on her claims by failing to raise them on direct appeal. In addition, the district court concluded that Patterson's appellate counsel's failure to raise these claims on direct appeal was not constitutionally deficient and did not prejudice her because her claims were "baseless." On appeal, Patterson reiterates the same contentions she argued to the district court.
 
 
 10
 Section 2255 is not available to test the legality of matters that should have been raised on appeal. United States v. Walling, 982 F.2d 447, 448-449 (10th Cir.1992); United States v. Khan, 835 F.2d 749, 753 (10th Cir.1987), cert. denied, 487 U.S. 1222 (1988). Additionally, a motion brought under section 2255 cannot be used as a substitute for a direct appeal. See United States v. Addonizio, 442 U.S. 178 (1979).
 
 
 11
 Patterson's first five issues concerning relevant conduct, her role in the offense, simple possession, quantity of drugs, and the possession of a firearm, are all issues that should have been raised on direct appeal. Since Patterson failed to do so, she is barred from seeking relief in a section 2255 motion unless she can demonstrate either cause for her procedural default and actual prejudice resulting from the alleged errors, or that a fundamental miscarriage of justice will occur if her claims are not addressed. United States v. Allen, 16 F.3d 377, 378 (10th Cir.1994).
 
 
 12
 Cause for her procedural default may be established by showing that she received ineffective assistance of counsel because her counsel's performance was constitutionally deficient and prejudicial. Strickland v. Washington, 466 U.S. 668 (1984). "When a defendant alleges [her] appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue." United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995). "If the omitted issue is without merit, counsel's failure to raise it 'does not constitute constitutionally ineffective assistance of counsel.' " Id. at 393 (quoting United States v. Dixon, 1 F.3d 1080, 1083 n. 5 (10th Cir.1993)).
 
 
 13
 After careful review of the record, including the transcripts of the proceedings during which Patterson entered her plea and was sentenced, together with the briefs on appeal, we hold that the district court did not err in finding Patterson's claims meritless and in denying her 2255 motion.
 
 
 14
 We AFFIRM substantially for the reasons set forth in the district court Order of May 5, 1995.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470