**Filed 10/16/96**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WAYMOND C. WATKINS,

    Defendant - Appellant.

No. 96-5064

(N.D. Oklahoma)

(D.C. No. CV-96-65-K)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **LOGAN**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Waymond Clinton Watkins appeals the district court's denial of his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  He contends that

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court erred in finding that the sale of his property to satisfy his court ordered restitution did not violate the Fifth Amendment's Double Jeopardy Clause. We affirm.

Watkins pled guilty to one count of conspiring to commit mail fraud by submitting malredeemed manufacturers' discount coupons, in violation of 18 U.S.C. § 371. On February 7, 1992, the district court sentenced him to eight months' incarceration followed by three years' supervised release. Appellee's App., Tab 2 at 2-3. The court also ordered Watkins to pay $150,000 in restitution. Id., Tab 2 at 4. The order specifically provided that Watkins "is to pay any remaining balance [of his restitution] after incarceration, at the direction of the probation office. Restitution is to be paid prior to the termination of supervised release." Id. Following his release, the probation office directed Watkins to sell certain real property in order to pay his restitution, and Watkins agreed to a distribution of the proceeds in satisfaction of the restitution. Id., Tab 3.

Citing United States v. Halper, 490 U.S. 435 (1989), Watkins now contends that the required sale of his property constitutes multiple punishments for the same crime in violation of the Double Jeopardy Clause. Additionally, he claims that the government must show that the property was acquired from his "ill-gotten gains." We disagree and affirm for substantially the same reasons as the district court set forth in its order. Appellee's App., Tab 1 at 2.

Halper speaks to a subsequent civil action. In the case of an order of restitution and incarceration pursuant to a single proceeding, there is only one "jeopardy." See

Missouri v. Hunter, 459 U.S. 359, 365-66 (1983). In such a situation, the imposition of restitution "in addition to . . . any other penalty authorized by law," pursuant to § 3663(a)(1) of the Victim and Witness Protection Act of 1982, does not implicate the Double Jeopardy Clause. Hunter, 459 U.S. at 365-66 (allowing cumulative sentences imposed in a single trial). Moreover, Watkins could have brought a direct appeal to challenge the order of restitution. Having failed to do so, he may not use § 2255 to test its legality. United States v. Walling, 982 F.2d 447, 448 (10th Cir. 1992).

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge