**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James Carl MAASS, Defendant– Appellant.**

**No. 01–1068.**

United States Court of Appeals, Tenth Circuit.

July 25, 2002.

Before HENRY, ANDERSON, and BRISCOE, Circuit Judges.

---

## ORDER AND JUDGMENT*

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

James Carl Maass, a federal inmate, filed this appeal to assert numerous challenges to the district court's order dismissing his 28 U.S.C. § 2255 motion. In a prior order, we granted a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(2), limited to the issue of whether it was constitutionally permissible to enhance Maass's drug conspiracy sentence to a term of life imprisonment based on the district court's finding that Maass's state murder conviction was related to his drug distribution activities.[1] We now conclude that Maass is not entitled to habeas relief and therefore deny his § 2255 motion.

## FACTUAL BACKGROUND

In December 1995, Maass was convicted by a federal jury of conspiracy to distribute methamphetamine, possession with intent to distribute methamphetamine, and related firearms offenses. During the same time period, he was charged in Colorado state court with the first-degree murder of Sherrie Holmes, conspiracy to commit first-degree murder after deliberation, and second-degree kidnaping. After Maass's federal conviction, he was tried and convicted of the state crimes.

Testimony in state court showed that Maass participated in kidnaping Ms. Holmes after learning that she had become a police informant. He then was involved with questioning her, injecting her with a syringe of drugs, and shooting her multiple times in the head. When her body was found, Ms. Holmes' face and hair were covered with peanut butter, which Maass had earlier stated would attract wild animals, thus making a victim more difficult to identify. *See People v. Maass*, 981 P.2d 177, 180, 186 (Colo.Ct.App.1998).

The Holmes murder was not an issue in the federal jury trial. At the sentencing hearing, however, the government presented testimony on Maass's murder conviction and the drug-related circumstances of the murder. The evidence was introduced as relevant to the applicability of a cross-reference between USSG § 2D1.1 and § 2A1.1, providing for imposition of a life sentence if a victim was murdered in relation to the federal crime or crimes for which the defendant was convicted. *See United States v. Maass*, No. 96–1198, 1998 WL 458577, at *6–7 (10th Cir. Aug.4, 1998) (unpublished) (citing *United States v. Crump*, 120 F.3d 462, 467–68 (4th Cir. 1997)).

At the hearing, Maass did not dispute the validity of the testimony about the

ed to express any view" on the merits of the petitioner's due process claim. *Id.* at 12.

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1.  In the same order, we denied COA on all other issues except for one, which we held in abeyance. The feasibility of the abated claim, concerning ineffective assistance of appellate counsel for failure to appeal the sufficiency of the evidence on two counts, was dependent upon Maass's success in attacking his enhanced sentence. Because we conclude in this order and judgment that the life sentence withstands collateral review, we now deny COA on the abated claim.

Holmes killing. His trial counsel, however, objected to presentation of the evidence, stating:

> James Maass is entitled to a trial by a jury of his peers. The prosecutors are coming into the courtroom asking him to be sentenced for crimes that he was not convicted of before this court. The United States Supreme Court may say that's all right. I object. James Maass protests the fact that he is likely now going to be sentenced for a murder which was not the subject matter of this trial. He was denied the right to have a jury of his peers pass on whether he committed a murder or not, yet he's going to be sentenced for a murder that he was not convicted of before this Court.

Aplt's App. at 179–80. The district court overruled the objection.

At the conclusion of the hearing, the district court made its sentencing findings, including a finding that the Holmes murder was connected to Maass's drug-trafficking activities. The court sentenced Maass to consecutive or concurrent prison terms for each of his federal offenses, for a total confinement of life plus forty-five years. The life sentence was imposed on the conspiracy count, through the cross-referenced enhancement for the Holmes murder. Later, in state court, Maass was sentenced to terms of life imprisonment without parole for first-degree murder, twenty-four years for conspiracy to commit first-degree murder, and six years for second-degree kidnaping, to be served concurrently with each other and with the life imprisonment imposed in the federal case. Maass is currently serving dual sentences of life imprisonment in federal custody.[2]

Maass appealed. Although trial counsel continued to represent him on appeal, counsel did not renew the argument that Maass was entitled to a jury finding on the Holmes murder. Concerning the enhancement, Maass asserted that (1) the district court erred in finding that the murder was relevant conduct to his drug trafficking crimes, because it did not occur concurrently with any identifiable drug distribution acts, and (2) that the enhancement subjected him to double jeopardy. This court rejected both arguments and affirmed. *See United States v. Maass*, 1998 WL 458577, at *7. Maass was also unsuccessful in state appellate proceedings. *See People v. Maass*, 981 P.2d at 188 (affirming convictions for first-degree murder and conspiracy to commit first-degree murder; vacating convictions and related sentences for felony murder and conspiracy to commit felony murder).

In August 1999, Maass filed his § 2255 motion through newly retained counsel. The district court denied the motion and this appeal followed. Two related claims survive our COA order. Both are challenges to the enhancement of Maass's sentence under the principles announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We formally abated this case awaiting a ruling on a related *Apprendi* issue in *United States v. Wiseman*, 297 F.3d 975 (10th Cir.2002). Because an opinion has been issued in *Wiseman*, we now reactivate the case.

## DISCUSSION

*Apprendi*, which was decided during the pendency of Maass's § 2255 motion, held that, as a matter of constitutional law, "[o]ther than the fact of a prior conviction,

---

**2.** The appellate record does not reflect Maass's state court sentence. The government, however, provided the above information in its brief without contradiction from Maass. Aplee's Answer Br. at 3.

any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Maass's claims begin with the premise that the life sentence, imposed through the cross-reference enhancement, exceeds the forty-year statutory maximum under 21 U.S.C. § 841(b)(1)(B) and therefore violates *Apprendi*.[3] From this basis, he asserts: (1) he has an explicit *Apprendi* claim; and (2) he received ineffective assistance of appellate counsel for failure to pursue the *Apprendi* claim. *Apprendi* claim

### *Apprendi* claim

■ There is a substantial question as to whether Maass's case actually presents an *Apprendi* issue. In *United States v. Martinez–Medina*, 279 F.3d 105 (1st Cir.), *cert denied*, — U.S. —, 122 S.Ct. 2608, 153 L.Ed.2d 794 (2002), the First Circuit Court of Appeals recently rejected an argument identical to Maass's. It held that *Apprendi* does not apply to findings, made for purposes of USSG § 2A1.1, as cross-referenced with § 2D1.1(d)(1), concerning the defendants' accountability for murders in connection with their drug conspiracy. *Id.* at 122.

Assuming *arguendo* that an *Apprendi* issue exists, however, it cannot be raised in this § 2255 proceeding. This court has recently determined that the *Apprendi* holding is not retroactively applicable to initial § 2255 motions and initial habeas petitions. *United States v. Mora*, 293 F.3d 1213, 1218 (10th Cir.2002); *see also Wiseman*, 297 F.3d at 978. Under the *Mora* holding, Maass's explicit *Apprendi* claim is foreclosed.

### Ineffective assistance of counsel

■ We next turn to Maass's claim that appellate counsel's omission of an argument anticipating the *Apprendi* holding amounted to ineffective assistance of counsel, the applicable test is set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See United States v. Walling*, 982 F.2d 447, 449 (10th Cir.1992) (applying the *Strickland* standard to assess the effectiveness of appellate counsel). Maass must prove that his counsel's performance was constitutionally deficient by showing that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial. If the defendant fails to satisfy either of these required elements, his ineffective assistance claim must fail. *Strickland*, 466 U.S. at 697.

Concerning the deficiency prong, Maass must overcome the presumption that counsel's conduct "was not the result of error or omission but derived instead from … strategy." *Elliott v. Williams*, 248 F.3d 1205, 1208 (10th Cir.), *cert. denied*, — U.S. —, 122 S.Ct. 286, 151 L.Ed.2d 211 (2001). The matter is viewed "from counsel's perspective at the time," *Strickland*, 466 U.S. at 689, and a strategic decision to

**3.** The government argues that the *Apprendi* rule is inapposite to the facts of this case because, even without the cross-referenced enhancement, Maass's life sentence did not exceed the statutory maximum under then-existing law. According to the government, the district court found during sentencing proceedings that Maass engaged in a conspiracy to distribute a sufficient amount of methamphetamine to qualify for the maximum sentence of life under 21 U.S.C. § 841(b)(1)(A), rather than the maximum sentence of forty years under § 841(b)(1)(B). The record on this factual issue is unclear as to whether the district court's findings concerned amounts of actual methamphetamine or a mixture or substance containing a detectable amount of methamphetamine. The statutory penalty scheme distinguishes between pure methamphetamine and lower purity mixtures. *See* § 841(b)(1)(A)(viii), (b)(1)(B)(viii). Accordingly, our analysis of Maass's appeal does not turn on this argument.

"winnow[ ] out weaker arguments" is an acceptable exercise in professional judgment, *Jones v. Barnes,* 463 U.S. 745, 751–52, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). We have rejected ineffective assistance claims predicated on counsel's failure to predict passage of future law because "[c]lairvoyance is not a required attribute of effective representation." *United States v. Gonzalez–Lerma,* 71 F.3d 1537, 1541–42 (10th Cir.1995). There is a distinction between "the failure of an attorney to be aware of prior controlling precedent—which might render counsel's assistance ineffective—from the failure of an attorney to foresee future developments in the law." *Id.* at 1542.

At the time of Maass's appeal, Tenth Circuit law was squarely against an *Apprendi*-type argument. *See, e.g., United States v. Jackson,* 213 F.3d 1269 (10th Cir.) *cert. granted, judgment vacated for further consideration in light of Apprendi,* 531 U.S. 1033, 121 S.Ct. 621, 148 L.Ed.2d 531 (2000); *United States v. Jones,* 194 F.3d 1178 (10th Cir.1999), *cert. granted, judgment vacated for further consideration in light of Apprendi,* 530 U.S. 1271, 120 S.Ct. 2739, 147 L.Ed.2d 1002 (2000); *see also Apprendi,* 530 U.S. at 524–39 (O'Connor, J., dissenting) (describing the *Apprendi* holding's departure from prior jurisprudence). Counsel's decision to jettison the claim of entitlement to a jury determination on the facts of the Holmes murder and to pursue other appellate arguments was reasonable in light of the circumstances. We have no trouble in determining that Maass has failed to show deficient performance and therefore cannot demonstrate ineffective assistance of counsel.

The judgment of the United States District Court for the District of Colorado is AFFIRMED as to the *Apprendi*-based claims. All remaining claims are DISMISSED. Appellant's motion to file a supplemental appendix is GRANTED. Appellee's motion to file a supplemental appendix is GRANTED.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.