**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 04-7135 |
| v. | (E.D. of Okla.) |
| SERGIO M. GOVEA-SOLORIO, | (D.C. Nos. CV-04-416-S & 02-CR-41-S) |
| Defendant-Appellant. | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. [**]

Defendant-Appellant Sergio Govea-Solorio, a federal inmate appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the district court's order denying relief on his motion pursuant to 28 U.S.C. § 2255. Govea-Solorio makes four arguments on appeal. For the following reasons, we deny COA and dismiss the appeal.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Govea-Solorio pled guilty to one count of possession of methamphetamine with intent to distribute under 21 U.S.C. § 841(a) and (b)(1)(A). The facts giving rise to Govea-Solorio's arrest and conviction are detailed in the opinion we issued on direct review of his sentence. *See United States v. Solorio*, 78 Fed. Appx. 696, 2003 WL 22407523 (10th Cir. Oct. 22, 2003). The parties are familiar with the facts, and we will not recite them again here.

On direct review, Govea-Solorio made two arguments to a panel of this court. First, he alleged his detention during a traffic stop violated the Fourth Amendment because the arresting officer exceeded the permissible scope of the traffic stop. Second, he alleged his prior conviction for vehicular manslaughter with gross negligence was not a "crime of violence" within the meaning of USSG § 4B1.1, and therefore he should not have been sentenced as a career criminal. *Id.* at **1. We disagreed on both grounds and affirmed his 262-month sentence. *Id.*

Govea-Solorio then filed a habeas corpus petition in the district court under § 2255. In addition to the two arguments he brought on direct review, his § 2255 petition raised two additional claims. First, he alleged that the arresting officer violated the Fourth Amendment by towing Govea-Solorio's car to the station house and conducting a warrantless search, and second, that his trial counsel was ineffective for failing to protect him from the aforementioned allegations of

-2-

constitutional error. The district court denied Govea-Solorio any relief and declined to issue a COA. This appeal followed.

## A.

This court may grant a COA and entertain Govea-Solorio's appeal only if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). To make the necessary showing, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). We do not engage in full consideration of the factual or legal bases adduced in support of the claims, but rather conduct an "overview of the claims in the habeas petition and a general assessment of their merits." *Id.* Having done so, we hold that Govea-Solorio's claims lack merit.

## B.

Regarding the two claims that we considered on direct review, Govea-Solorio has not made a substantial showing of the denial of a constitutional right. Our conclusion in this regard is based on the same reasoning expressed in our earlier opinion addressing those claims. *Solorio*, 2003 WL 22407523 at **2–6.

With respect to the warrantless search claim, Govea-Solorio did not raise this claim on direct review. Thus, Govea-Solorio has procedurally defaulted unless he can show cause and prejudice, or a fundamental miscarriage of justice. *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *see also United States v. Walling*, 982 F.2d 447, 448 (10th Cir. 1992) ("[Section] 2255 is not available to test the legality of matters which should have been raised on appeal.") (quotation omitted). Nevertheless, we may, in our discretion, address the merits of procedurally defaulted claims, *see United States v. Allen*, 16 F.3d 377, 379 (10th Cir. 1994), and we choose to do so here.

Govea-Solorio's warrantless search claim lacks merit for two independent reasons. First, as we found in his direct appeal, his detention was reasonable and he consented to the initial search. *Solorio*, 2003 WL 22407523 at **4. Because Govea-Solorio gave his consent for the initial search of his car, which he does not dispute, the detention and warrantless search at the station house was justified on this ground as well. *See, e.g., United States v. Pena*, 920 F.2d 1509, 1514–15 (10th Cir. 1990).

Second, Govea-Solorio's warrantless search claim is closely analogous to the issue presented in *United States v. Brown*, 24 F.3d 1223 (10th Cir. 1994). In *Brown*, the arresting officer suspected that the defendant's automobile contained illegal drugs based on suspicious movements and statements by the defendant.

The officer therefore detained the automobile until a drug-sniffing dog arrived at the scene. *Id.* at 1224. The defendant argued the detention and subsequent search of his automobile violated the Fourth Amendment. *Id.* at 1225. We held, however, that the police officer's actions were permissible under *United States v. Place*, 462 U.S. 696 (1983), which states:

> In sum, we conclude that when an officer's observations lead him reasonably to believe that a traveler is carrying luggage that contains narcotics, the principles of *Terry* and its progeny would permit the officer to detain the luggage briefly to investigate the circumstances that aroused his suspicion, provided that the investigative detention is properly limited in scope.

*Id.* at 706. Applying the constitutional principle announced in *Place* to the facts in *Brown*, we held that "any investigative detention of the [plaintiff's automobile] was based on reasonable suspicion and was properly limited in scope . . . ." 24 F.3d at 1226.

The reasoning of *Place* and *Brown* are directly applicable to Govea-Solorio's case. Here, the record contains the following evidence: (1) Govea-Solorio appeared nervous during the initial traffic stop; (2) he did not have a valid driver's license; (3) he gave inconsistent information regarding his travel schedule; (4) although he stated the car belonged to his girlfriend, the car was registered in the name of a married woman; (5) there was a strong odor of Bondo and fresh paint emanating from the car; (6) there were indications the car's

interior had recently been altered to accommodate a secret compartment; and (7) the car smelled of fabric softener, which according to the testimony of the officer, is often used to mask the odor of illegal drugs.

This evidence, taken together, provided reasonable suspicion to detain the car for further investigation. Of course, once the drug-sniffing dog alerted to Govea-Solorio's car, the authorities had probable cause to impound and disassemble the car. *Brown*, 24 F.3d at 1226; *see also United States v. West*, 219 F.3d 1171, 1178–79 (10th Cir. 2000) (holding warrantless search of vehicle was permissible because officers had probable cause it contained illegal contraband). We therefore hold that Govea-Solorio is not entitled to a COA on this ground.

Finally, regarding the ineffective assistance of counsel claim, Govea-Solorio cannot satisfy the familiar two-part test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). Because we have already held that Govea-Solorio is not entitled to relief on the substantive claims, his counsel was not deficient for failing to protect him from the alleged Fourth Amendment violations and enhanced sentence. We agree with the district court that "Petitioner's allegation of ineffective assistance of counsel is frivolous." *Govea-Solorio v. United States*, No. CIV-04-417-S, slip op. at 4 (E.D. Okla. Nov. 16, 2004).

For the aforementioned reasons, we DENY COA and DISMISS the appeal.


Entered for the Court

Timothy M. Tymkovich
Circuit Judge