FILED
United States Court of Appeals
Tenth Circuit

July 19, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

JEREMY GARROD,

      Defendant–Appellant.

No. 10-3049
(D.C. Nos. 2:09-CV-02349-JWL and
2:07-CR-20072-JWL-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

      Jeremy James Garrod, a federal prisoner proceeding pro se, requests a certificate

of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255

habeas petition.[1] We deny a COA and dismiss the appeal.

**I**

      Garrod pled guilty to one count of conspiracy to distribute more than fifty grams

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Garrod proceeds pro se, we liberally construe his application for a COA. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

of methamphetamine in violation of 21 U.S.C §§ 841 and 846 pursuant to a plea agreement.  Under the plea agreement, Garrod waived his right to appeal or collaterally attack his conviction and sentence if the sentence fell within the United States Sentencing Guidelines ("USSG") range as "determined appropriate by the court."  In exchange, the government agreed to request a two-to-three level reduction for acceptance of responsibility, provided Garrod continued to manifest acceptance of responsibility.  In addition, the government agreed not to request an upward departure, provided Garrod did not request a downward departure.  The agreement further noted that the government maintained sole discretion to determine whether to request a sentence reduction for substantial assistance pursuant to USSG § 5K1.1.

Prior to sentencing, Garrod moved for a downward departure, alleging that the government had prevented him from providing substantial assistance in bad faith. Concluding that Garrod's pre-sentencing actions showed a lack of acceptance of responsibility, the government declined to move for a reduction in offense level.[2]  The court nevertheless included a two-level reduction for acceptance of responsibility in calculating Garrod's USSG range.  Garrod was sentenced to thirty years' imprisonment— at the low end of his advisory range.

---

[2] The government cited Garrod's move for a downward departure, dispute as to the scope of his role in the conspiracy, violations of release conditions, and challenges to relevant conduct (which were frivolous in the government's view).

Garrod did not directly appeal his conviction or sentence, but he filed a § 2255 petition in federal district court alleging that the government breached the plea agreement and that his counsel was ineffective. The government moved to enforce Garrod's waiver of his right to collaterally attack his sentence. Determining that the government did not breach the plea agreement, that some of Garrod's claims were foreclosed by the plea agreement, and that his remaining claims lacked merit, the district court granted the government's motion and dismissed Garrod's petition. Garrod timely appealed that dismissal.[3]

## II

Because the district court did not grant him a COA, Garrod may not appeal the district court's decision absent a grant of a COA by this court. § 2253(c)(1)(B). To obtain a COA, Garrod must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

## A

Garrod contends the government breached the plea agreement when it: (1) failed

---

[3] Garrod filed a notice of appeal, along with a motion to extend the time to file a notice of appeal, fifteen days after his sixty-day deadline to appeal expired. See Fed. R. App. P. 4(a)(1)(B). Determining there was good cause and excusable neglect, the district court granted an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). Accordingly, Garrod's appeal was timely.

to recommend a reduction for an acceptance of responsibility; and (2) requested a life sentence. Because Garrod did not advance these claims in a direct appeal, his habeas petition cannot succeed unless he can show cause for and prejudice resulting from this failure. See United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). Garrod alleges that he asked his attorney to file a direct appeal but his attorney failed to do so, allegations which, if proven, could demonstrate cause. See Abels v. Kaiser, 913 F.2d 821, 823 (10th Cir. 1990). However, any reasonable jurist would conclude that Garrod has failed to demonstrate prejudice.

In his application for COA, Garrod claims that the government had a nondiscretionary duty to request a downward adjustment in offense level for acceptance of responsibility. However, the plea agreement expressly conditioned the government's obligation upon Garrod's "continuing manifestation of acceptance of responsibility as determined by the United States." Garrod does not allege facts suggesting that the government declined to seek a reduction based on bad faith or improper motive and thus cannot prevail on this claim.

Garrod also contends the government's request for a life sentence constituted an upward departure prohibited by the plea agreement. Even assuming that the government's request was a motion for an upward departure, Garrod concedes that the plea agreement permitted the government to so move if he requested a downward departure and admits that his attorney moved for a downward departure. Garrod argues

that he should "not be held responsible for his attorney's actions." This argument lacks merit. See Vermont v. Brillon, 129 S. Ct. 1283, 1290-91 (2009) (defense counsel's actions in furtherance of litigation are attributable to the defendant). Because Garrod moved for a downward departure, the plea agreement entitled the government to move for an upward departure.

**B**

Garrod further alleges his counsel was ineffective for failing to advise him regarding alleged errors in the calculation of his sentence, and by failing to inform him that the indictment was multiplicitous. Neither claim provides ground for relief. We have consistently held that a "miscalculation or erroneous sentence estimation by a defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." United States v. Gordon, 4 F.3d 1567, 1570-71 (10th Cir. 1993); accord United States v. Silva, 430 F.3d 1096, 1099 (10th Cir. 2005). Further, no reasonable jurist could dispute the district court's conclusion that the indictment was not multiplicitous. See United States v. Wood, 57 F.3d 913, 920 n.3 (10th Cir. 1995) (conspiracy charge under 21 U.S.C. § 846 and underlying possession charge not multiplicitous). Counsel's failure to advise Garrod on this issue was no failure at all.[4]

---

[4] Garrod also argues that his counsel was ineffective for failing to object to allegedly erroneous information being considered during sentencing. Because this alleged ineffectiveness does not "pertain[] to the validity of the plea," Garrod may not

Continued . . .

Garrod makes two final claims that merit only brief mention. First, he alleges that trial counsel was ineffective for failing to file a direct appeal. But by his own admission, he did not specifically argue this issue in his § 2255 petition. We therefore decline to consider the issue. See O'Connor v. City & County of Denver, 894 F.2d 1210, 1214 (10th Cir.1990). Second, he argues counsel's cumulative errors warrant relief. Because Garrod has not demonstrated error, relief on this ground would be inappropriate. See Moore v. Reynolds, 153 F.3d 1086, 1113 (10th Cir. 1998).

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the court,

Carlos F. Lucero
Circuit Judge

---

assert this claim in light of his waiver of collateral remedies. United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001).