UNITED STATES of America, Plaintiff–Appellee,

v.

Rene GONZALEZ–LERMA, Defendant–Appellant.

No. 94–4195.

United States Court of Appeals, Tenth Circuit.

Dec. 11, 1995.

David J. Schwendiman, Assistant United States Attorney, Salt Lake City, UT (Scott M. Matheson, Jr., United States Attorney, Salt Lake City, UT, with him on the brief), for Plaintiff-Appellee.

Jenine M. Jensen, Assistant Federal Public Defender, Denver, CO (Michael G. Katz, Federal Public Defender, with her on the brief), for Defendant-Appellant.

Before EBEL, and McKAY, Circuit Judges and COOK,* Senior District Judge.

EBEL, Circuit Judge.

Defendant appeals his sentence of 20 years imprisonment following his conviction for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On appeal, defendant argues: (1) The sentencing judge's failure to comply strictly with certain procedures mandated by 21 U.S.C. § 851 in enhancing his sentence based on a prior drug conviction rendered the enhancement illegal; and (2) the failure of defendant's counsel to request a continuance in anticipation of future amendments to the sentencing guidelines—amendments that may have enabled the judge to reduce defendant's sentence—deprived him of his Sixth Amendment right to effective assistance of counsel. We affirm.

## FACTS

Defendant was convicted of possession of cocaine with intent to distribute in violation of Section 841(a)(1) in October 1992. At the sentencing hearing following conviction, the government sought to enhance defendant's mandatory minimum sentence to 20 years pursuant to Section 841(b)(1)(A), which permits enhancement when the defendant has been convicted of a prior felony drug offense.[1] However, Section 851 requires that certain procedural conditions be met before enhancing a sentence, including the requirement that the judge inform the defendant that he may challenge the prior conviction for sentencing purposes and that, if he chooses not to challenge the prior conviction before a sentence is imposed, he may not thereafter raise such a challenge. At the sentencing hearing, defendant sought and obtained a continuance to research the validity of the prior conviction and to determine whether it could be challenged under Section 851(b) for enhancement purposes.[2] Defendant ultimately concluded that there were no grounds

to challenge the earlier conviction. The judge, however, considered the enhancement "a very very improper kind of thing" under the circumstances because the prior conviction relied upon for the enhancement was only possession of one-half gram of cocaine. Judge Greene therefore refused to enhance the sentence, finding that the government failed to comply with Section 851 by not filing a timely notice. The prosecution then appealed.

On appeal, the Tenth Circuit reversed, holding that the government's Section 851 notice was both timely and adequate. *See U.S. v. Gonzalez–Lerma,* 14 F.3d 1479, 1484–86 (10th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 1862, 128 L.Ed.2d 484 (1994). The court remanded the case to the district court, ordering Judge Greene to vacate the sentence and to resentence in accordance with the opinion. *Id.* at 1486.

At resentencing, Judge Greene remained reluctant to enhance defendant's sentence, but followed the Tenth Circuit's order. Judge Greene did not again inform the defendant of his opportunity to challenge the conviction as required by Section 851(b). Judge Greene concluded the hearing by stating:

> The only hope I can suggest if Congress should determine to change the minimum mandatory law and make [the change] retroactive, and some proposals would have it, that could be an ultimate impact and relief.

> It's no promise by this court, it's just an observation of something that could happen and might be something to cause this defendant to have some hope in that regard.

Some twenty days after resentencing, President Clinton signed amendments to the criminal code under the Violent Crime Control and Law Enforcement Act of 1994,

---

* The Honorable H. Dale Cook, Senior District Judge for the Northern District of Oklahoma, sitting by designation.

1. Defendant was convicted on June 13, 1988 of possession of one-half gram of cocaine.

2. Early in the sentencing hearing, defendant's counsel recognized that defendant was "entitled

under Section 851 to a hearing regarding the accuracy and veracity of that prior conviction" and that if he did not challenge the conviction prior to sentencing, "any objection or any argument that I have as to that prior conviction" would be waived.

Pub.L. No. 103–322, 108 Stat. 1796.[3] Among the enactments was an amendment to 18 U.S.C. § 3553(f)—the so-called mandatory minimum safety valve provision—which allows judges to impose a sentence below the statutory minimum sentence when the defendant meets certain criteria. Defendant argues on appeal that his attorney—in light of Judge Greene's comments—deprived him of effective assistance of counsel by failing to seek a continuance of the hearing until after the amendments took effect.

## I. The Validity of the Sentence Enhancement

■ Defendant first argues that his enhancement is invalid because Judge Greene failed to comply strictly with Section 851(b)'s procedural requirements by not informing defendant of his opportunity to challenge the prior conviction upon resentencing. The legality of a sentence presents a question of law which we review *de novo*. *Gonzalez–Lerma*, 14 F.3d at 1484.

### A. *The Operation of Section 851*

Congress enacted Section 851 as a measure of protection against Section 841's harsh sentence enhancement mechanisms. *U.S. v. Novey*, 922 F.2d 624, 628 (10th Cir.), *cert. denied*, 501 U.S. 1234, 111 S.Ct. 2861, 115 L.Ed.2d 1028 (1991). Section 851(a)(1) imposes a jurisdictional requirement, granting the district court jurisdiction to enhance a defendant's sentence only when "the United States attorney files [before trial or entry of a guilty plea] an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." Section 851(a)(1). *See U.S. v. Wright*, 932 F.2d 868, 882 (10th Cir.), *cert. denied*, 502 U.S. 972, 112 S.Ct. 450, 116 L.Ed.2d 467 (1991).

Once the prosecution has filed a timely notice of its intention to enhance a defendant's sentence if convicted, Section 851(b) requires the judge at the sentencing hearing to engage in a colloquy with the convicted defendant before enhancing his sentence. Specifically, Section 851(b) provides:

### Affirmation or denial of previous conviction

(b) If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

The judge therefore must offer the defendant the opportunity to challenge the prior conviction before it can be used for enhancement purposes.

### B. *The Sentencing Judge's Compliance with Section 851(b)*

The government argues on appeal that Judge Greene's failure to further inform defendant of his opportunity to challenge the prior conviction upon resentencing is harmless error and does not invalidate defendant's sentence. Defendant, however, argues that harmless error analysis does not apply to Section 851(b).

■ This Court has held that harmless error analysis does not apply to the prosecutor's failure to comply with Section 851(a) because the provision serves as a jurisdictional requirement. *See Wright*, 932 F.2d at 882 (10th Cir.1991). Section 851(b), however, is not jurisdictional, but instead simply imposes procedural prerequisites that the court must follow before it may enhance a defendant's sentence.

Because Section 851(b) is not jurisdictional, we are not foreclosed from applying a harmless error analysis to Judge Greene's failure to further inform defendant of his opportunity to challenge the prior conviction upon

---

**3.** President Clinton signed the Violent Crime Control Act on September 13, 1994. The act's provisions took effect on September 23, 1994.

resentencing.[4] Fed.R.Crim.Pro. 52(a) provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." We consider a non-constitutional error harmless "unless it had a 'substantial influence' on the outcome or leaves one in 'grave doubt' as to whether it had such effect." *U.S. v. Flanagan*, 34 F.3d 949, 955 (10th Cir.1994).

■ When applying the harmless error test to a Section 851(b) issue, we must keep in mind that the purpose of the provision is to ensure that a defendant's waiver of his rights to challenge his prior convictions is made knowingly and voluntarily. *See Novey*, 922 F.2d at 628 n. 4 (citation omitted). In the present case, we find Judge Greene's failure to further inform defendant of his opportunity to challenge the prior conviction upon resentencing to be harmless because defendant knowingly and voluntarily waived his rights to challenge his prior conviction at the first sentencing hearing. Defendant at that hearing researched whether he could challenge the conviction and concluded no grounds existed upon which he could challenge it, thereby affirming that he was the individual convicted of the prior offense being used to enhance his sentence and that it was a valid conviction for sentencing purposes. Defendant clearly understood his rights under Section 851(b) to challenge the prior conviction as he requested a continuance to research whether it could be used for enhancement purposes. Furthermore, the fact that he decided no grounds existed upon which he could challenge his prior conviction indicates that any challenge at the second hearing would have been futile. Because Judge Greene's failure to comply with Section 851(b) was harmless, we affirm defendant's sentence enhancement.

## II. Ineffective Assistance of Counsel

■ Defendant's second argument is that the attorney who represented him at his resentencing performed ineffectively in violation of defendant's Sixth Amendment rights by not requesting—in light of Judge Greene's comments suggesting a possible future change in the law—a continuance until after the passage of the Violent Crime Act amendments. We review legal claims of ineffective assistance of counsel *de novo*. *U.S. v. Jimenez*, 928 F.2d 356, 361 (10th Cir.), *cert. denied*, 502 U.S. 854, 112 S.Ct. 164, 116 L.Ed.2d 129 (1991).

■ The well-established test for ineffective assistance of counsel requires that a defendant show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2064–65, 2067, 80 L.Ed.2d 674 (1984). *See also U.S. v. King*, 936 F.2d 477, 480 (10th Cir.) (stating that the defendant must show: (1) counsel's performance was "deficient"; and (2) the deficient performance prejudiced the defendant), *cert. denied*, 502 U.S. 1008, 112 S.Ct. 647, 116 L.Ed.2d 664 (1991). Because we conclude that defendant's prior attorney did not act unreasonably, we need not consider the second element of the *Strickland* test.

■ There is a strong presumption that an attorney's conduct "falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Judicial scrutiny is highly deferential, and "every effort [should] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evalu-

---

4. In holding the harmless error test applicable to a judge's failure to engage in the Section 851(b) colloquy, we join several of our sister circuits. Other courts have upheld enhancements despite the judge's failure to comply with Section 851(b) in situations where the defendant affirmed that he was the defendant convicted of the prior offense and where any challenge to the prior conviction would have been futile. *See U.S. v. Romero–Carrion*, 54 F.3d 15, 18 (1st Cir.1995); *U.S. v. Flores*, 5 F.3d 1070, 1082 (7th Cir.1993), *cert.*

denied, —— U.S. ——, 114 S.Ct. 2691, 129 L.Ed.2d 822 (1994); *U.S. v. Campbell*, 980 F.2d 245, 252 (4th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2446, 124 L.Ed.2d 663 (1993); *U.S. v. Fragoso*, 978 F.2d 896, 902–03 (5th Cir. 1992), *cert. denied*, 507 U.S. 1012, 113 S.Ct. 1664, 123 L.Ed.2d 282 (1993); *U.S. v. Housley*, 907 F.2d 920, 921–22 (9th Cir.1990); *U.S. v. Weaver*, 905 F.2d 1466, 1482 (11th Cir.1990), *cert. denied sub nom. Sikes v. U.S.*, 498 U.S. 1091, 111 S.Ct. 972, 112 L.Ed.2d 1058 (1991).

ate the conduct from counsel's perspective at the time." *Id.* In all, the court's role is to decide defendant's claim by judging the "reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of the counsel's conduct" and determine whether the counsel's acts or omissions were "outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. at 2065.

■ Counsel's assistance is not ineffective simply because counsel fails to base its decisions on laws that might be passed in the future. In *Nelson v. Estelle,* 642 F.2d 903 (5th Cir.1981), the defendant was convicted of selling heroin two months before the state court held in another case that submission reports used to convict the defendant were inadmissible hearsay. *Id.* at 908. The court distinguished the failure of an attorney to be aware of prior controlling precedent—which might render counsel's assistance ineffective—from the failure of an attorney to foresee future developments in the law. Citing another Fifth Circuit decision, *Cooks v. U.S.,* 461 F.2d 530 (5th Cir.1972), the court concluded that:

> counsel's inability to foresee *future* pronouncements which will dispossess the Court of power to impose a particular sentence which is presently thought viable does not render counsel's representation ineffective, nor does a plea later become invalid because it is predicated upon advice correct at the time, but later proved to be erroneous by reason of a *subsequent* decision ... Clairvoyance is not a required attribute of effective representation.

642 F.2d at 908 (quoting *Cooks,* 461 F.2d at 532) (omission and emphasis in original).

In the present case, defendant's counsel did not act outside the range of reasonable professional assistance at resentencing by not seeking a continuance. Considering the attorney's perspective at the time of sentencing, it was not only unclear when the amendments would take effect, but also uncertain whether they would take effect at all. Further, it is not at all clear that the district court even had Pub.L. No. 103–322 in mind when it advised defendant that if Congress should, at some future date, determine to change the mandatory minimum law, that it might make the change retroactive. Defendant faults his former counsel not for failing to find existing law, but for failing to predict future law. We agree with the Fifth Circuit that clairvoyance is not a required attribute of effective representation.[5] Furthermore, we can foresee defendant's theory creating an ominous situation in which every attorney whose client faces sentencing would attempt to delay sentencing each time lawmakers debate a new statute or amendment. This is an outcome that we cannot allow.

## CONCLUSION

Accordingly, we hold that the sentencing judge's failure to engage in the Section 851(b) colloquy upon resentencing was harmless and that defendant's counsel at the resentencing did not perform unreasonably when he failed to seek to continue the sentencing until after enactment of the Violent Crime Control and Law Enforcement Act of

---

5. Defendant analogizes to several cases which, he suggests, stand for the proposition that attorneys should act in accordance with anticipated laws. One of these cases, however, involved a situation where the attorney misinterpreted *existing* law. *See Strader v. Garrison,* 611 F.2d 61, 64–65 (4th Cir.1979) (finding ineffective assistance when counsel grossly misinformed his client about parole eligibility dates before accepting a plea). Defendant also refers to a recent case where the attorney moved to reschedule sentencing until after Section 3553(f)—the same provision that defendant argues his counsel should have anticipated in the present case—took effect as indicating the actions of a reasonable attorney. *United States v. Singh,* No. 93–CR–931, 1994 WL 510053 (S.D.N.Y. Sept. 16,

1994). In *Singh,* however, the defendant was to be sentenced on September 13, 1994—three days *after* the President signed the crime bill but a week before its provisions took effect. Defendant's attorney moved to adjourn his sentencing until after the amendments took effect. *Id.* at *1. In contrast in the present case, the passage of the crime amendments was not imminent at the time that defendant was sentenced. Instead, defendant was sentenced 20 days before the President made any commitment to sign the amendments. In any event, the court in *Singh* was only concerned about the defendant's motion for a continuance and nothing in *Singh* suggests that defendant's counsel would have rendered ineffective assistance if he had not sought a continuance.

1994. Therefore, we AFFIRM defendant's sentence.