82 F.3d 426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jorge M. HERRERA, Petitioner-Appellant,
v.
NEW MEXICO DEPARTMENT OF CORRECTIONS; Attorney General of
the State of New Mexico, Respondents-Appellees.
 No. 95-2215.
 United States Court of Appeals, Tenth Circuit.
 April 10, 1996.
 
 Before ANDERSON, BARRETT and MURPHY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Jorge M. Herrera (Herrera) appeals from the district court's adoption of the magistrate judge's "Proposed Findings and Recommended Disposition" in dismissing Herrera's 28 U.S.C. 2254 petition for a writ of habeas corpus.
 
 
 3
 In 1979, Herrera was convicted in a New Mexico state district court by a jury of the crime of trafficking heroin. He was sentenced to the indeterminate term of not less than ten years nor more than fifty years. On appeal to the New Mexico Court of Appeals, his conviction was affirmed on the court's summary calendar. Herrera then filed a petition for a writ of habeas corpus in the District Court of Lea County, New Mexico, which was summarily denied without a hearing, and he then petitioned the New Mexico Supreme Court for a writ of certiorari, which was denied. The parties agree that Herrera raised the same federal constitutional issues there as he did in his federal habeas petition. The exhaustion requirement has been met.[2]
 
 
 4
 Herrera raised two issues in the district court and on appeal. They are that (1) his attorney denied him the right to the effective assistance of counsel at his trial when he failed to obtain and present the confidential informant's relevant and helpful testimony, and (2) his attorney denied him effective assistance of counsel on direct appeal when he failed to raise the insufficiency of the evidence contention.
 
 
 5
 On appeal, we conduct a de novo review of the record to determine whether the district court erred in denying a petition for a writ of habeas corpus based upon the contention of ineffective assistance of counsel, which is a mixed question of fact and law. Strickland v. Washington, 466 U.S. 668, 695 (1984); Nichols v. Sullivan, 867 F.2d 1250, 1253 (10th Cir.), cert. denied, 490 U.S. 1112 (1989). Claims of ineffective assistance of counsel are reviewed de novo. United States v. Gonzales-Lerma, 71 F.3d 1537, 1541 (10th Cir.1995), cert. denied, --- S.Ct. --- (1996) (setting forth the well-established two-prong test for ineffective assistance of counsel articulated in Strickland ); United States v. Kissick, 69 F.3d 1048, 1054 (10th Cir.1995) (same). We are informed that there is a strong presumption that an attorney's conduct "falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, and that "every effort should be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id.
 
 
 6
 Herrera objected to the magistrate judge's proposed findings and recomemendation on the grounds that (1) there was no evidence that the non-descript tin foil packet, whose contents were tested and proved to be heroin, was the same non-descript tin foil packet which the person identified as Herrera handed to Richard Johnson, because (2) Agent Keith Bridges, an undercover narcotics agent with the New Mexico State Police in Lea County, testified that he never searched Johnson before the incident, despite the fact that he witnessed Johnson inject heroin from another non-descript tin foil packet earlier that same day, and (3) Bridges failed to keep the foil packet, which Johnson obtained from "Herrera" in sight at all times after Johnson took possession of it.
 
 
 7
 The record reflects that Herrera's trial counsel twice moved the district court for disclosure of the confidential informant's identity, both at Herrera's preliminary hearing and at trial. The trial court denied the motion in each instance. Attorney Payne did not, however, file a written motion for disclosure of the identity of the confidential informant under Roviaro v. United States, 353 U.S. 53 (1957), and on appeal Herrera contends that this failure denied him helpful defense evidence. This contention, however, assumes both that the trial court would have granted the motion and that the confidential informant's testimony would have been favorable to the defense. We agree with the magistrate judge's finding that "The trial court's discretionary decision not to require disclosure after hearing both counsel on the matter cannot reasonably support a finding of ineffective assistance of counsel." In addition, we agree that Herrera has failed to establish actual prejudice.
 
 
 8
 We also agree with the magistrate judge's finding that Herrera's counsel on appeal was not ineffective for failing to raise the issue of the sufficiency of the evidence. Furthermore, we agree with the district court's finding that Officer Bridges' testimony that Herrera provided the heroin and accepted money for it resolved the sufficiency of the evidence issue.
 
 
 9
 We deny Herrera's request that we reverse and remand to the district court for issuance of the writ of habeas corpus and we also deny Herrera's alternative remedy that he be permitted the opportunity to file a direct appeal with the New Mexico Court of Appeals.
 
 
 10
 We AFFIRM for substantially the reasons set forth in the "Magistrate Judge's Proposed findings and Recommended Disposition" of July 27, 1995, and the District Court's final order of September 11, 1995.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3
 
 
 [2]
 The district court denied Herrera a certificate of Probable Cause on appeal. We grant issuance of the Certificate simply to reach the merits of the case