**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 11 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GLENN R. NOBLE,

      Petitioner-Appellant,

v.

JUANITA NOVAK, and the
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 01-1176
(D.C. No. 98-S-647)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

      Glenn Noble appeals the district court's dismissal of his petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254 and denial of a certificate of

appealability. We agree with the district court and DISMISS.

---

      [*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is
therefore submitted without oral argument. This Order and Judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

In 1983, Noble pled guilty to two counts of sexual assault. The trial court sentenced Noble to a total of 25 years in prison and two years of parole. At that time, the Colorado Parole Board interpreted the parole provisions to require that a prisoner be released after time served plus vested good time exhausted the sentence. See Thiret v. Kautzky, 792 P.2d 801, 804-05 (Colo. 1990). In 1989, the Parole Board recognized a statutory exception to this "mandatory parole" system for persons convicted of sex offenses. See id. at 803 (citing Colo. Rev. Stat. § 16-13-202(5)). Under the new policy, the Parole Board had discretion to grant or deny parole for such inmates. See id. at 807. Thus, under the old rule, Noble could have expected to have been released after serving about half of his sentence (12 ½ years). Under the new rule, the Parole Board may require him to serve the full term of 25 years; it has not yet granted him parole.

The central contention of all of Noble's appeals has been that had he known that the mandatory parole rule as applied to sex offenders would change such that he might end up serving his entire sentence, he would not have pled guilty. To the Colorado Supreme Court and in his § 2254 petition, he characterized this objection as a claim for ineffective assistance of counsel. It is undisputed, however, that his counsel correctly advised him of the Parole Board's interpretation of the governing law at that time. See United States v. Gonzalez-Lerma, 71 F.3d 1537, 1542 (10th Cir. 1995) (rejecting ineffective

assistance claim predicated on counsel's failure to predict passage of future law on the ground that "clairvoyance is not a required attribute of effective representation").

Noble also raised additional habeas claims, but the district court – substantially relying on the magistrate judge's recommendation – found that those other claims had not been exhausted in the state courts and thus were procedurally barred. (Doc. 27 (district court's order); Doc. 24 (magistrate's recommendation). See 28 U.S.C. § 2254(b)(1)(A).

For substantially the reasons stated in the district court's order, we decline to issue a certificate of appealability. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Furthermore, since we find that this appeal lacks merit, we deny his motion to proceed in forma pauperis. See 28 U.S.C. § 1915; Fed. R. App. P. 24.[1] Accordingly, this appeal is DISMISSED.

                                        ENTERED FOR THE COURT

                                        David M. Ebel
                                        Circuit Judge

---

[1]On June 6, 2001, Noble moved to dismiss this appeal so that he could file another habeas petition raising a claim based on Apprendi v. New Jersey, 530 U.S. 466 (2000). We deny that motion because of its late filing. In any event, were we to dismiss this appeal, Noble might have difficulty raising this claim in a later petition. See 28 U.S.C. § 2244(b)(2), (d)(1).