**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DON ALAN KEELING,

    Defendant-Appellant.

No. 04-6178

(D.C. No. 02-CV-652-M)
(W.D. Oklahoma)

**ORDER**[*]

Before **BRISCOE**, **McKAY**, and **HARTZ,** Circuit Judges.

Don Alan Keeling, a federal prisoner appearing pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. We deny the request for a COA and dismiss the appeal.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. After careful review of all of the filings and the record on appeal, we conclude the requirements for issuance of a COA have not been met.

Keeling was convicted by a jury of possession of approximately 150 pounds of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (count 6) and multiple counts of use of a communication facility to facilitate a conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 843(b) (counts 8-21 and 23-31). He was sentenced to concurrent terms of 121 months on count 6 and 48 months each on counts 8-21 and 23-31. On direct appeal, his conviction was affirmed, but the case was remanded for limited resentencing on the issue of supervised release. See United States v. Keeling, 235 F.3d 533 (10th Cir. 2000). The district court resentenced Keeling to a term of three years' supervised release on count 6. His petition for writ of certiorari was denied.

Keeling filed his § 2255 motion on May 14, 2002, arguing ineffective assistance of trial and appellate counsel and prosecutorial misconduct. The district court concluded Keeling's ineffective assistance of counsel claims did not satisfy the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984), and that the prosecutorial misconduct claim was without factual or legal support.

In support of his request for a COA, Keeling claims trial counsel was ineffective

by failing to raise Apprendi's "precursor," Jones v. United States, 526 U.S. 227 (1999), because such failure led to our application of the "almost insurmountable plain error standard" of review on direct appeal. Aplt. Br. at 2. We previously have held that counsel's failure to foresee future developments in the law does not constitute constitutionally deficient performance. See United States v. Gonzalez-Lerma, 71 F.3d 1537, 1541-43 (10th Cir. 1995). The decision in Jones was announced on March 24, 1999, less than two months prior to Keeling's sentencing on May 14, 1999, and it had not been interpreted in our circuit. While Keeling is correct that Jones foreshadowed Apprendi, it did "not announce any new principle of constitutional law, but merely interpret[ed] a particular federal statute [carjacking, 18 U.S.C. § 2119] in light of a set of constitutional concerns that have emerged through a series of [Supreme Court] decisions over the past quarter century." Jones, 526 U.S. at 252 n.11. In United States v. Jones, 194 F.3d 1178, 1186 (10th Cir. 1999), we declined to extend Jones to drug quantity determinations used in sentencing, but this holding was vacated and remanded in light of Apprendi. See Jones v. United States, 530 U.S. 1271 (2000). Counsel's failure to raise Jones at the sentencing hearing did not constitute constitutionally deficient performance.

Keeling also claims counsel was ineffective for failing to contest enhancement of his sentence under U.S.S.G. § 3B1.1(c) for his role as an organizer or leader. The district court found that Keeling failed to demonstrate any prejudice. See Strickland, 466 U.S. at 694. After careful review of the trial testimony and other related trial documents, we

3

conclude reasonable jurists would not find the district court's assessment of Keeling's ineffective assistance of counsel claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

We DENY the request for a COA and DISMISS the appeal.

Entered for the Court

Mary Beck Briscoe
Circuit Judge