**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DEMETRIUS L. JENKINS,

      Defendant-Appellant.

No. 04-3369
(D. Kan.)
(D.Ct. Nos. 00-CV-3303-JTM and
97-CR-10047-JTM)

**ORDER**

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior
Circuit Judges.

      Appellant Demetrius L. Jenkins, a federal inmate appearing *pro se*, seeks a
certificate of appealability to appeal the district court's order dismissing his
motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.
We deny Mr. Jenkins's request for a certificate of appealability and dismiss his
appeal.

      On direct appeal, this court affirmed Mr. Jenkins's convictions for
possession with intent to distribute cocaine base and possession with intent to
distribute marijuana in violation of 21 U.S.C. § 841(a)(1). *See United States v.*

*Jenkins*, 175 F.3d 1208 (10th Cir. 1999). Because the facts of Mr. Jenkins's convictions and sentence are more fully outlined in our previous decision, and the parties are familiar with the facts surrounding the instant § 2255 petition, we need not restate them here.

On appeal, Mr. Jenkins reasserts four of the same issues he raised before the district court; namely: 1) his sentence is constitutionally defective under *Apprendi v. New Jersey*, 530 U.S. 466 (2000); 2) his trial attorney acted ineffectively by failing to object to the determination of drug quantity; 3) his attorney acted ineffectively by improperly calculating his criminal history; and 4) his attorney improperly used the transcript of a non-testifying informant to attempt to prove a credibility issue pertaining to an officer. For the first time on appeal, he also asserts his appellate attorney acted ineffectively by failing to appeal the issue of drug quantity.

With respect to the issues raised before the district court and now appealed, the district court dismissed Mr. Jenkins's petition and denied him a certificate of appealability on the following grounds: 1) the rule in *Apprendi* is not retroactive, and even if it was, the indictment and evidence on which the jury convicted him specifically set out drug amounts, so that his trial counsel was not ineffective for

failing to object to the drug quantity used for sentencing; and 2) his counsel also did not act ineffectively given Mr. Jenkins's criminal history was correctly calculated and his counsel's "examination of the witness in question was a tactical decision appropriate to the issues of the case." For purposes of this appeal, we examine these issues as well as briefly address the newly-raised issue on appeal.

An appeal may not be taken from a final order in a § 2255 proceeding without a certificate of appealability. 28 U.S.C. § 2253(c)(1). In order for a movant to be entitled to a certificate of appealability he must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (internal quotation marks, alteration and citation omitted). This is a threshold inquiry we apply to determine whether we may entertain an appeal. *See id.* at 336. Finally, we construe *pro se* pleadings liberally, applying a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Applying these principles, we have conducted a thorough review of the pleadings, the record on appeal, and the district court's decision. For purposes of judicial economy we decline to duplicate the district court's analysis on the issues raised before it, other than to conclude Mr. Jenkins clearly fails to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

With respect to Mr. Jenkins's newly-raised issue on the ineffectiveness of his appellate counsel for not appealing the drug quantity issue, we need not exercise our jurisdiction on an issue never raised before the district court. *See United States v. Cooper,* 375 F.3d 1041, 1051 (10th Cir.), *cert. denied*, 125 S. Ct. 634 (2004). We note, however, this ineffective assistance of appellate counsel claim suffers from similar deficiencies articulated by the district court with respect to the ineffectiveness of his trial attorney in not filing an objection on the drug quantity issue. First, the Supreme Court decided *Apprendi*, and *Jones v. United States*, 526 U.S. 227 (1999), which foreshadowed *Apprendi*, after Mr. Jenkins's 1998 conviction and subsequent direct appeal, so we cannot say his appellate attorney acted ineffectively for failing to raise an *Apprendi*-type claim on the issue of drug quantity. *See United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1541-43 (10th Cir. 1995) (holding counsel's failure to foresee future legal

developments does not indicate constitutionally-deficient performance).  Second,

we must point out that *Apprendi* is not retroactive.  *See United States v. Mora*,

293 F.3d 1213, 1219 (10th Cir. 2002).  Furthermore, the drug quantities on which

Mr. Jenkins was indicted were proven to a jury and applied in determining his

sentence.[1]  Under these circumstances, we conclude Mr. Jenkins fails to make a

substantial showing of the denial of a constitutional right as required by 28 U.S.C.

§ 2253(c).

Thus, for the reasons articulated herein, and for substantially the same

reasons set forth in the district court's orders dated February 9, 2004; March 19,

2004; and July 22, 2004, we **DENY** Mr. Jenkins's request for a certificate of

---

[1]  The indictment against Mr. Jenkins specifically set out the drug
quantities, including "(200) grams of cocaine base (crack cocaine)."  The
pleadings in the record reveal a government expert corrected the specific drug
quantities from 200 grams of cocaine base to 159-160 grams of cocaine and 85-86
grams of cocaine base.  The government then amended the indictment, and the
jury, based on the testimony of the same expert, found Mr. Jenkins guilty.
Thereafter, the presentencing report reflected the amended drug quantities the
expert testified to and upon which the jury found Mr. Jenkins guilty; which are
the amounts the trial judge used to sentence Mr. Jenkins.  On review of Mr.
Jenkins's appellate pleadings, and under the circumstances presented, he has not
shown his counsel was deficient, or even if he was, that his deficient performance
prejudiced him to the extent that "but for counsel's unprofessional errors, the
result of the proceeding would have been different."  *See Strickland v.
Washington*, 466 U.S. 668, 687, 694 (1984).

appealability, **DENY** his request to proceed *in forma pauperis*, and **DISMISS** his appeal.

Entered by the Court:

**WADE BRORBY**
United States Circuit Judge