**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JORGE CASTILLO-OLIVAS,

      Defendant - Appellant.

No. 05-3208

(D.C. Nos. 05-CV-3065-WEB and
04-CR-10007-WEB)

(D. Kan.)

**ORDER**

Before **HENRY**, **McKAY,** and **EBEL**, Circuit Judges.

This is an appeal under 28 U.S.C. § 2255. Mr. Castillo-Olivas pleaded guilty to violating 8 U.S.C. § 1326(a) and (b)–re-entry after deportation following conviction for an aggravated felony. The sentencing court calculated his sentencing range to be forty-one to fifty-one months' imprisonment and on July 28, 2004, sentenced Mr. Castillo-Olivas to forty-one months' imprisonment. One condition of Mr. Castillo-Olivas' plea agreement waived his "right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under [28 U.S.C. § 2255] . . . ." Memorandum and Order, 2 (D. Kan. Mar. 10, 2005). Despite this explicit waiver, Mr. Castillo-Olivas filed a § 2255 petition and argued that the

waiver should not apply because it was not knowing and voluntary and because he suffered from ineffective assistance of counsel.

The district court, however, found that the sentencing court conducted a colloquy with Mr. Castillo-Olivas sufficient to overcome any concerns regarding the knowing and voluntary nature of the plea. And as to the ineffective assistance of counsel claim, Mr. Castillo-Olivas specifically alleges that his counsel failed to anticipate and inform him that the Supreme Court was considering *Blakely v. Washington*, 542 U.S. 296 (2004), which was decided three months after Mr. Castillo-Olivas was sentenced. While ineffective assistance of counsel claims in connection to entering a plea agreement are not waived by the plea agreement, we agree with the trial court that the failure to anticipate *Blakely* and then *United States v. Booker*, 543 U.S. 220 (2005), does not constitute ineffective assistance of counsel. *See, e.g.*, *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995) ("Counsel's assistance is not ineffective simply because counsel fails to base its decisions on laws that might be passed in the future."). The district court then denied Mr. Castillo-Olivas a certificate of appealability.

To qualify for a certificate of appealability, Mr. Castillo-Olivas must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (1994). To meet this burden, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

We have carefully reviewed Mr. Castillo-Olivas' brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's filing raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the same reasons set forth by the district court in its March 10, 2005 Memorandum and Order, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.*

We **DENY** Mr. Castillo-Olivas' request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge