FILED
United States Court of Appeals
Tenth Circuit

February 11, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DOMINIC JACQUEZ,

     Defendant-Appellant.

No. 10-2165

(D.C. No. 1:09-CV-01091-JB-LAM and
1:04-CR-01208-JB-1)
(D. N. Mex.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

---

Petitioner Dominic Jacquez seeks a Certificate of Appealability ("COA") pursuant

to 28 U.S.C. § 2253 in order to challenge the district court's denial of his § 2255 petition

for a writ of habeas corpus.  Because Jacquez has failed to satisfy the standards for the

issuance of a COA, we deny his request and dismiss this matter.

I

In April 2004, a confidential informant provided the San Juan County Police

Department with information that someone had driven a black Cadillac Escalade away

from a local residence that was known to be associated with drug activity.  United States

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

v. Jacquez, 284 Fed. App'x. 544, 545 (10th Cir. 2008). The informant provided the license plate number of the vehicle. Id. The police department ran a computer search on the license plate number and learned that it was registered to a Tommy Largo and that there was an outstanding warrant for his arrest. Id. Later that afternoon, Deputy Brian Dennis observed a car at a gas station in Farmington, New Mexico, which matched the informant's description. Id. After Deputy Dennis confirmed that the license plate number matched the number provided by the informant, he pulled the car over as it was leaving the gas station. Id.

"Unbeknownst to Deputy Dennis, the vehicle had two occupants, neither of whom was Tommy Largo." Id. Moreover, "Tommy Largo, the registered owner of the vehicle, was an elderly man who had no outstanding warrants for his arrest." Id. The Tommy Largo for whom the warrant had issued "had no association with the vehicle or its occupants." Id.

Jacquez was the driver of the vehicle. Id. He informed Deputy Dennis that he did not have his driver's license with him and that he was not the owner of the car. Id. Jacquez further stated "that he had borrowed [the car] from someone named 'Mike' and had only been in possession of it for two hours." Id. Deputy Dennis then ran a computer search for Jacquez's name and learned that his driver's license had been suspended and that there were two outstanding warrants for his arrest. Id. Deputy Dennis arrested Jacquez and took him into police custody. Id.

"Pursuant to the San Juan County Sheriff's written policy," police conducted a

2

inventory search of the Escalade and found two digital scales, a number of small plastic bags, 83.5 grams of methamphetamine, documents bearing Jacquez's name, and a handgun under the driver's seat. Id. at 545–46. In June 2004, a federal magistrate judge issued a warrant for Jacquez's arrest based on the evidence found in the car. Id. at 546. The next day, police arrested Jacquez at his sister's home. Id. He consented to a search of the home, where officers found several guns, methamphetamine, numerous small plastic bags, and scales. Id.

In September 2005, Jacquez pled guilty in a conditional plea agreement to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); use of a firearm in connection with drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A); and use of a residence to distribute methamphetamine in violation of 21 U.S.C. § 856(a)(1) and (b). At the time Jacquez signed the plea agreement, the district court had not yet ruled on his motion to suppress the evidence found in the Escalade and in his sister's house. The plea agreement stated that if the district court granted the motion to suppress, Jacquez could withdraw his guilty plea. The agreement also stated that if the district court denied the motion to suppress, Jacquez could appeal the denial of the motion.

The district court subsequently denied Jacquez's motion to suppress and sentenced him to 157 months' imprisonment. Jacquez timely filed a notice of appeal with this court. We affirmed the district court's denial of Jacquez's motion to suppress in an unpublished order and judgment. Jacquez, 284 Fed. App'x. at 544.

In December 2009, Jacquez filed a pro se § 2255 petition[1] in the district court, alleging that his Sixth Amendment right to effective assistance of counsel was violated by counsel's "failing to properly research the law pertaining to traffic stops, and the Fourth Amendment as it applies to operators of motor vehicles." ROA, at 7. According to Jacquez, had his attorney adequately researched and argued the law, "the district court would have issued an order suppressing the fruits derived from the searches of [his] vehicle, . . . person, . . . [and] residence." Id. In April 2010, the magistrate judge recommended that the district court deny Jacquez's habeas petition. ROA, at 56. The magistrate judge included a footnote in her recommendation stating that the parties had fourteen days to serve and file written objections to the recommendation. Id. The magistrate judge further stated that "[i]f no objections are filed, no appellate review will be allowed." Id. at 56 n.1.

Jacquez did not file written objections to the magistrate judge's recommendation.[2]

---

[1] This was actually an amended § 2255 petition. Jacquez filed his first § 2255 petition one month earlier. The amended petition and the original petition are identical.

[2] By failing to object to the magistrate judge's recommendation, Jacquez may have waived his right to appellate review of his habeas petition. Under the "firm waiver rule, . . . [t]he failure to timely object to a magistrate's recommendations waives appellate review of both factual and legal questions." Duffield v. Jackson, 545 F.3d 1234, 1237 (10th Cir. 2008) (quotations, citation, and brackets omitted). The firm waiver rule applies to pro se litigants who, like Jacquez, "were informed of the time period for objecting and the consequences of failing to object." Wardell v. Duncan, 470 F.3d 954, 958 (10th Cir. 2006).

We note, however, that we may disregard the firm waiver rule "in the interests of justice." Id. We have held that an important consideration in this analysis is the reason the party failed to object to the recommendation. Duffield, 545 F.3d at 1238. Jacquez

(continued...)

4

In May 2010, the district court adopted the recommendation, denied Jacquez's § 2255 petition, and dismissed his case with prejudice. Jacquez then timely filed a notice of appeal, a request for a COA, and a motion to proceed *in forma pauperis*.

## II

A petitioner must obtain a COA in order to appeal a district court's denial of a habeas petition. 28 U.S.C. § 2253. A COA may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Jacquez alleges his Sixth Amendment right to effective assistance of counsel was violated by counsel's failing to adequately research the law regarding illegal searches and seizures. To prevail on a claim for ineffective assistance of counsel, a party must show that counsel's performance (1) "fell below an objective standard of reasonableness;" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the

---

[2](...continued)
claims he never received a copy of the recommendation and therefore did not learn of it until he was mailed a copy of the district court's order. We are not entirely convinced by this argument because Jacquez's mailing address has remained the same for the duration of the litigation and he appears to have received a copy of every other filing in this case. Nonetheless, because the interests-of-justice exception applies when a party does not receive a copy of the court's ruling, see Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004), and giving Jacquez the benefit of the doubt, we decline to enforce the firm waiver rule and proceed to address the merits of his application for a certificate of appealability.

5

result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687 (1984).

Specifically, Jacquez claims his attorney provided ineffective representation by failing to cite four United States Supreme Court cases: Arizona v. Johnson, 129 S. Ct. 781 (2009); Arizona v. Gant, 129 S. Ct. 1710 (2009); Brendlin v. California, 551 U.S. 249 (2007); Florida v. Thomas, 532 U.S. 774 (2001). According to Jacquez, if his attorney had argued the law based on these cases, the district court would have granted his motion to suppress the evidence found in the car and at his sister's house. ROA, at 7.

We conclude that reasonable jurists would agree that defense counsel's performance did not fall below an objective standard of reasonableness. Three of the four cases Jacquez cites—Johnson, 129 S. Ct. 781; Gant, 129 S. Ct. 1710; Brendlin, 551 U.S. 249—were decided after the district court ruled on his motion to suppress in September 2005. We have consistently rejected the argument that an attorney's representation is ineffective when he or she "fail[s] to predict future law." Bullock v. Carver, 297 F.3d 1036, 1052 (10th Cir. 2002) (quotation omitted); see also Sherrill v. Hargett, 184 F.3d 1172, 1175 (10th Cir. 1999) (holding that counsel is not ineffective for "failing to anticipate arguments or appellate issues that only blossomed after defendant's trial and appeal have concluded"); United States v. Gonzalez-Lerma, 71 F.3d 1537, 1542 (10th Cir. 1995) (holding that "clairvoyance is not a required attribute of effective representation"). Accordingly, Jacquez's counsel was not ineffective in failing to make arguments based on Supreme Court decisions filed after the trial court had ruled on his

6

motion to suppress.

In addition, reasonable jurists would agree that Jacquez has failed to establish that counsel was ineffective for failing to cite the cases Jacquez has listed. The four cases Jacquez cites address the reasonableness of searches incident to either a Terry stop or an arrest. See Thomas, 532 U.S. at 780–81 (dismissing appeal for lack of appellate jurisdiction where the defendant alleged a search of his vehicle incident to a lawful arrest was improper); Johnson, 129 S. Ct. at 787 (holding that police may "stop and frisk" a passenger in a motor vehicle as long as they have a reasonably grounded suspicion of criminal activity); Gant, 129 S. Ct. at 1723 (holding that police may conduct a search incident to arrest of the occupant's vehicle "only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest"); Brendlin, 551 U.S. at 263 (holding that passengers seized in traffic stops have standing to bring Fourth Amendment challenges). None of these cases address the legal issue which was presented to the trial court: whether a traffic stop is supported by reasonable articulable suspicion when the officer makes the stop pursuant to information obtained from a confidential informant and an outstanding warrant in the name of the owner of the car. Because Jacquez cites cases that do not address this issue to argue that his counsel was ineffective, reasonable jurists would agree that he has not shown his attorney's representation fell below constitutional standards.

III

Jacquez's motion to proceed *in forma pauperis* is DENIED as moot because the district court granted his motion to proceed *in forma pauperis* on appeal. His request for a COA is DENIED, and his appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Chief Judge