**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3411-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HOPETON B. BROWN, JR.,
a/k/a HOPETON B. BROWN
and HOPETON BROWN,

    Defendant-Appellant.

_____

Submitted October 15, 2020 – Decided November 17, 2020

Before Judges Ostrer and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 10-11-1702.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen Ann Lodeserto, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Joie D. Piterit, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Hopeton B. Brown, Jr. appeals from the trial court's order denying, without an evidentiary hearing, his petition for post-conviction relief (PCR). Brown collaterally challenges his conviction of second-degree conspiracy to commit robbery, N.J.S.A. 2C:5–2, N.J.S.A. 2C:15–1(a), and fourth-degree criminal trespass, N.J.S.A. 2C:18–3, which was charged as a lesser-included offense of attempted armed robbery. We affirmed those convictions on direct appeal. See State v. Brown, No. A-2466-13 (App. Div. Aug. 1, 2017).

Brown contends that both his trial and appellate counsel were ineffective. He argues:

POINT I

THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING TRIAL COUNSEL'S FAILURE TO REQUEST A RENUNCIATION CHARGE FOR THE CONSPIRACY TO COMMIT ARMED ROBBERY CHARGE.

POINT II

THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING APPELLATE COUNSEL'S FAILURE TO ARGUE MR. BROWN'S CONVICTION FOR CRIMINAL TRESPASS SHOULD HAVE BEEN VACATED.

2

We affirm the trial court's order rejecting the claim of ineffectiveness of trial counsel, and reverse and remand as to the claim regarding appellate counsel.

To prevail on a claim of ineffective assistance of counsel, a defendant (1) must prove his counsel's performance fell below the standard established in the Sixth Amendment of the United States Constitution, and (2) "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); see also State v. Fritz, 105 N.J. 42 (1987). Because the PCR court did not hold an evidentiary hearing, we review de novo both the PCR court's factual inferences and its legal conclusions. State v. Harris, 181 N.J. 391, 420–21 (2004).

I.

Brown contends that his trial counsel was ineffective by failing to ask the court to include a renunciation charge within the conspiracy-to-commit-robbery charge. We are unpersuaded. "The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990). The trial court would have correctly rejected the request if made. Therefore, counsel's failure to make the request was not ineffective.

3

As we discussed in our prior opinion, Brown and his two cohorts, Lamar Jones and Keree Wade, intended to rob a drug-dealer while the dealer was at home. So testified Wade, who was convicted in a prior trial and decided to cooperate with the State. At Brown's and Jones's joint trial, Wade testified that they all got cold feet when they observed children in the proposed victim's home. Meanwhile, a neighbor had reported to police that he saw three men acting suspiciously. While the men were reconsidering their plan outside the proposed victim's house, police arrived. Brown, slip op. at 2–3.

The trial judge delivered a renunciation charge regarding the attempt-to-commit-robbery count, as trial counsel requested. But trial counsel did not request, and the trial court did not deliver, a renunciation charge regarding the conspiracy count.

At the charge conference, Jones's trial counsel acknowledged that renunciation of attempt, see N.J.S.A. 2C:5–1(d), differs significantly from renunciation of conspiracy, see N.J.S.A. 2C:5–2(e), and that the evidence supported a jury instruction on the former, but not the latter. Brown's counsel agreed with Jones's counsel that the court should not instruct the jury on renunciation of conspiracy.

To renounce the criminal purpose element of a criminal attempt, a defendant "must prove by a preponderance of the evidence that he abandoned his effort to commit the crime or otherwise prevented its commission, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose." N.J.S.A. 2C:5–1(d). A defendant's renunciation is not voluntary if he abandons his attempt because of a newly-increased chance of detection or apprehension. Ibid.

Here, the jury could reasonably conclude that Brown and his cohorts decided not to rob the home, and that they did so out of concern for the welfare of the children inside the home and not out of increased fear that they would get caught.

By contrast, to renounce the criminal purpose element of a conspiracy, a defendant need do more than drop out of the plan. He must inform authorities and thwart the plan. To establish the affirmative defense under the statute, a defendant "must prove by a preponderance of the evidence that he, after conspiring to commit a crime, informed the authority of the existence of the conspiracy and his participation therein, and thwarted or caused to be thwarted the commission of any offense in furtherance of the conspiracy." N.J.S.A. 2C:5–2(e). The defendant must prove that he informed authorities and thwarted the

conspiracy in addition to establishing "circumstances manifesting a complete and voluntary renunciation of criminal purpose as defined in" N.J.S.A. 2C:5–1(d) (regarding renunciation of attempt).  N.J.S.A. 2C:5–2(e).

We are unaware of any basis in the record — and Brown points to none — for the jury to conclude that Brown informed authorities of the plan, let alone affirmatively acted to thwart the plan.[1]  Consequently, a request to charge renunciation of conspiracy would have failed, because a court is not obliged to issue a jury instruction when there was no "rational basis to do so based on the evidence."  See State v. Daniels, 224 N.J. 168, 181 (2016) (citing State v. Walker, 203 N.J. 73, 86–87 (2010)).  But even if the court would have granted the request, counsel's failure to make the request did not prejudice Brown; the jury would have found no evidentiary basis for renunciation.  In other words, there was no reasonable probability that the result would have been different. Strickland, 466 U.S. at 694.

In sum, the PCR court correctly denied Brown's claim that his trial counsel was ineffective by failing to request a renunciation charge related to the conspiracy count.

---

[1] At the charge conference, Jones's trial counsel conceded that "[t]here [was] no evidence" that Jones informed authorities or thwarted the conspiracy.  The judge agreed.  The evidence regarding Brown was no different.

## II.

We reach a different conclusion regarding Brown's claim that appellate counsel was ineffective for failing to challenge Brown's criminal trespass conviction.

The court instructed the jury that, if they found Brown or Jones not guilty of attempting to commit robbery at the proposed victim's address, they should consider (as a lesser-included offense) whether Brown or Jones committed criminal trespass at the same place. The jury found both men guilty of criminal trespass.

We reversed co-defendant Jones's criminal-trespass-of-a-dwelling conviction because the State presented no evidence that Jones entered the proposed victim's home. We also held that, because the State presented no evidence of a warning or sign, there was no basis to find Jones guilty of defiant trespass, a petty disorderly persons offense, for entering the proposed victim's yard. Brown, slip op. at 19–22. Brown, however, did not challenge his criminal trespass conviction, and we did not address it. Now, Brown contends he is entitled to PCR because his appellate counsel was ineffective in failing to mount that challenge, as it would have succeeded.

7

We agree it would have succeeded, for the same reason it succeeded in Jones's case: the State presented no evidence that Brown or Jones entered the intended victim's dwelling. As we discussed in <u>Brown</u>, slip op. at 19–22, an essential element of fourth-degree criminal trespass of a dwelling under N.J.S.A. 2C:18–3(a) is entering or surreptitiously remaining in a dwelling. True, Wade testified that he and Brown hid in the hallway of an open house nearby after police arrived. But, because the indictment charged that Brown entered the proposed victim's house, proof of entry into another one did not suffice. And the verdict sheet, too, referenced only the proposed victim's address.[2]

Nor was it enough that Brown entered the proposed victim's yard. That fact may have been an element of petty disorderly-persons defiant trespass, N.J.S.A. 2C:18–3(b), but that offense would require proof of another element —

---

[2] Furthermore, had the State charged Brown with criminal trespass of the house near the proposed robbery victim's house, Brown conceivably could have presented evidence that the house was abandoned, N.J.S.A. 2C:18–3(d)(1) (stating affirmative defense if the structure under N.J.S.A. 2C:18–3(a) was "abandoned"), or that it was open to the public — for example, the open hallway of a multi-family dwelling, <u>see</u> N.J.S.A. 2C:18–3(d)(2) (stating affirmative defense if "structure was at the time open to members of the public and the actor complied with all lawful conditions imposed on access to or remaining in the structure").

that fencing, a sign, or communication to the actor informed him that he should keep out.  The State offered no such proof.[3]

A defendant is entitled to "effective assistance of appellate counsel on direct appeal."  State v. O'Neil, 219 N.J. 598, 610 (2014).  To prevail on a claim that appellate counsel was ineffective, a defendant must establish two elements: that "counsel unreasonably failed to discover nonfrivolous issues," and that "a reasonable probability" existed "that, but for his counsel's unreasonable failure . . . he would have prevailed on his appeal."  Smith v. Robbins, 528 U.S. 259, 285 (2000).  We recognize that an appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."  Id. at 288.  "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."  Jones v. Barnes, 463 U.S. 745, 751–

---

[3]  We suspect the jury found Brown guilty because the jury instruction and verdict sheet conflated criminal trespass of a dwelling, which a person commits if he or she "enters or surreptitiously remains" in a dwelling, and disorderly-persons defiant trespass, which covers entry or remaining "in any place."  See N.J.S.A. 2C:18–3(a), (b).  Under the heading "CRIMINAL TRESPASS," the verdict sheet asked, ungrammatically, "On August 26, 2010, in North Brunswick, did defendant Hopeton Brown knowing that he was not licensed or privileged to do so was in any place or enter the premises known as [address]."

52 (1983). When an appellate counsel files a brief that presents one or more nonfrivolous issues, but omits another, the petitioner must show that the omitted "issue was clearly stronger than issues that counsel did present." Smith, 528 U.S. at 288.

Of course, an issue that would have succeeded is stronger than one that failed. But whether an omitted issue was "clearly" stronger may depend on the state of the law. "Appellate counsel must be competent, not clairvoyant." Moore v. Mitchell, 708 F.2d 760, 794 (6th Cir. 2013). As the Supreme Court stated in O'Neil, 219 N.J. at 616, "The Strickland/Fritz standard may not require appellate counsel to have the foresight to raise a cutting-edge issue or anticipate a change in the law not evident in existing jurisprudence." Thus, an appellate counsel is not necessarily ineffective where he or she omits a nonfrivolous argument for a change in the law, even if that argument ultimately succeeds in another case. See Bullock v. Carver, 297 F.3d 1036, 1052–53 (10th Cir. 2002) (rejecting ineffective assistance claim "where a defendant 'faults his former counsel not for failing to find existing law, but for failing to predict future law'" (quoting United States v. Gonzalez-Lerma, 71 F.3d 1537, 1542 (10th Cir. 1995))); but see Lucas v. O'Dea, 179 F.3d 412, 420 (6th Cir. 1999) (affirming district court decision and stating that "counsel's failure to raise an issue whose

resolution is clearly foreshadowed by existing decisions might constitute ineffective assistance of counsel").

However, where controlling authority is established, a lawyer cannot as easily justify the failure to raise what would be a successful appellate argument. In O'Neil, the Supreme Court held that appellate counsel was ineffective for failing to use a recent, controlling decision of our court to challenge an aggravated manslaughter conviction. "Although informed 'strategic choices' made by counsel will rarely be subject to challenge, no deference must be paid to a choice made in disregard of standing precedent." O'Neil, 219 N.J. at 616 (citing Strickland, 466 U.S. at 690) (citation omitted).

We recognize that defendant's eighteen-month sentence on his trespass conviction was ordered to run concurrent to his seven-year sentence (with an eighty-five-percent parole disqualifier) on his conspiracy conviction. Perhaps appellate counsel winnowed out a challenge directed to the trespass conviction because a reversal would not reduce Brown's aggregate sentence, but would instead detract from his challenges to the conspiracy conviction. Alternatively, perhaps appellate counsel believed that the issue was not preserved under Rule 2:10–1 (stating that "the issue of whether a jury verdict was against the weight of the evidence shall not be cognizable on appeal unless a motion for a new trial

on that ground was made in the trial court"), although we held it was as to Jones, Brown, slip op. at 19 n.2. We note that the trial court deemed Brown's post-verdict motion to fall under both Rule 3:18–2 (motion for judgment of acquittal) and Rule 3:20–1 (motion for a new trial), although the counsel did not expressly address the trespass conviction in oral argument and the court did not address it in its decision.

However, we doubt the reasonableness of a strategic decision to leave standing a conviction — even on a minor count — that clearly lacks evidential support. Furthermore, even a minor additional conviction could affect parole. And, if appellate counsel is successful in securing reversal and a new trial on a major count, the undisturbed conviction could present a strategic problem upon retrial.

In sum, we conclude that Brown has established a prima facie case of ineffective assistance of appellate counsel, because counsel failed to appeal the trespass conviction. As Brown has requested, we remand for an evidentiary hearing on that claim. See State v. Preciose, 129 N.J. 451, 462 (1992) (stating that "trial courts ordinarily should grant evidentiary hearings to resolve ineffective-assistance-of-counsel claims if a defendant has presented a prima facie claim in support of post-conviction relief").

12

Affirmed in part, and reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION